**E-FILED**
Friday, 10 September, 2004  11:51:32 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Barbara Kendell, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Case No. 04-1140 |
| | ) | |
| American Income Life of Chicago and | ) | |
| American Income Life Insurance Co., | ) | |
| Defendants | ) | |

**ORDER**

Now before the court is the motion by defendant American Income Life Ins. Co. to strike (#11) an allegation in and an attachment to plaintiff's complaint.  For the following reasons, the motion is denied.

First, plaintiff alleges in paragraph IV(B)(third subparagraph) of her complaint that, while she signed an Independent Contractor contract, "[b]oth unemployment and the EEOC have ruled that I was an employee."   According to defendant, the prejudicial effect of presenting an administrative finding is substantially outweighed by its probative value and is tantamount to saying that the issue has already been decided, citing Tulloss v. Near North Montessori School, 776 F.2d 150, 154 (7th Cir. 1985).

 Tulloss and its progeny deal with the question of whether administrative findings, such as those alleged by the plaintiff, are admissible in evidence.   As a general proposition,   such administrative findings regarding claims of discrimination may be admitted under Rule 803(8)(C).  See Chandler v. Roudebush, 425 U.S. 840, 864 n. 39, (1976); Halloway v. Milwaukee County, 180 F.3d 820, 827 n. 9 (7th Cir.1999).  As the court in Young v. James Green Management, Inc. , 327 F.3d 616, 624 (7th Cir. 2003) made

clear, however, "the district court retains significant discretion as to whether such material ought to be admitted,"  citing <u>Halloway</u>, 180 F.3d at 827 n. 9, and  "must always determine whether the prejudicial effect of admitting such unreliable information may outweigh its probative value and thereby render it inadmissible under Fed.R.Evid. 403."  <u>Tulloss</u>, 776 F.2d at 153.

That determination will come from the evidence developed during discovery in this case.  None of the cases cited by defendant deal with the propriety of an allegation in a complaint.  The probative value of an administrative finding cannot be determined at this early stage of litigation.  Any prejudice would come not from the mere allegation (which is not evidence)  but from admission of the agency finding into evidence during the trial.  The weighing process cannot be performed at this time.

There is nothing inherently prejudicial or otherwise improper about including in one's complaint the allegations necessary to state a claim.  While plaintiff will have to prove that she was an employee and not an independent contractor in order to succeed on her claim, the extent to which agency documents and/or findings might be admissible in that process cannot be determined at this time.  I therefore find no basis for striking this sentence from the complaint.

Defendant also asks that the EEOC Determination Letter, attached to the complaint, be stricken.  Such letters are routinely appended to complaints in employment disputes as a way to show exhaustion of remedies and timeliness of suit.  There is no basis for striking it.

The motion to strike (#11) is denied.  Nothing in this ruling is to be interpreted as a ruling on the admissibility into evidence of any part of the administrative agency files or findings. Those are questions that must be addressed closer to trial of this matter.

ENTER this 10th day of September 2004.

s/ John A Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE