E-FILED
Monday, 31 January, 2005  10:32:41 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

```
BARBARA J. KENDELL,            )
                               )
        Plaintiff,             )
                               )
    v.                         )       Case No. 04-1140
                               )
AMERICAN INCOME LIFE OF        )
CHICAGO and AMERICAN INCOME    )
LIFE INS. CO.,                 )
                               )
        Defendants.            )
```

## O R D E R

Before the Court is Defendant American Income Life Insurance Company's Motion to Dismiss [Doc. # 9].  Plaintiff has responded. For the reasons that follow, Defendant's Motion to Dismiss will be denied.

### BACKGROUND

On June 1, 2004, Plaintiff filed a Complaint alleging Defendants American Income Life of Chicago ("AIL Chicago") and American Income Life Insurance Co. ("AIL") discharged her, demoted her, and denied her promotion, based on her sex, her age, and her disability.  Specifically, she alleged that she was fired on May 31, 2001, over the phone by her manager Terry Brennan; that after Brennan fired her she called the office manager for AIL and was told to "stay on the job for that day and to 'go out and sell something'"; that there were discussions between her and representatives of Defendant AIL Chicago between May 31 and June 12; and that she later received an official termination letter from AIL dated July 31, 2001.  Attached to her Complaint are copies of documents from proceedings before the Equal Employment Opportunity

Commission ("EEOC") which indicate (1) that on April 25, 2002, Plaintiff filed a charge of discrimination naming AIL Chicago as her employer; (2) that the EEOC sent a determination letter naming both AIL Chicago and AIL as Respondents inviting them to participate in a conciliation process; and (3) that Plaintiff received a right to sue letter from the EEOC dated February 27, 2004, which also named both AIL Chicago and AIL as Respondents. As relevant, Plaintiff alleges in her Complaint that "I signed an independent contractor's contract. Both unemployment and the EEOC ruled that I was an employee." (Doc. # 5.)

**ANALYSIS**

In its Motion to Dismiss, Defendant AIL argues that Plaintiff's claims against it should be dismissed because (1) Plaintiff did not name it in her EEOC charge, (2) Plaintiff did not file a charge naming it within 300 days of the alleged discrimination, and (3) it did not employ Plaintiff.

When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must view the Complaint in the light most favorable to the Plaintiff and the Complaint's well-pleaded factual allegations must be accepted as true. Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995). Therefore, a complaint can only be dismissed if a plaintiff cannot prove any set of facts upon which relief can be granted. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429-30 (7th Cir. 1996). However, the Court is not bound by a plaintiff's legal conclusions. Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 730 (7th Cir. 1994).

"Ordinarily, a party not named in an EEOC charge may not be

sued under Title VII." Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 126 (7th Cir. 1989). This requirement is not jurisdictional but rather like a statute of limitations. Id. An exception to this general rule exists where "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." Id. The Court finds that Plaintiff's allegations suggest this exception may apply here. While AIL was not named in the EEOC charge, the documents attached to the Complaint suggest that AIL was named as a Respondent in later correspondence from the EEOC and that it was given an opportunity to participate in the conciliation process. Thus, accepting Plaintiff's allegations as true, the Court cannot say Plaintiff's claims against AIL are barred for failure to specifically name AIL in an EEOC charge.

AIL also asserts that Plaintiff's EEOC charge was untimely because it was filed more than 300 days after her termination date, which it asserts is May 31, 2001. In her response, Plaintiff alleges her termination date was July 31, 2001, the date of the termination notice from AIL. If Plaintiff was not terminated until July 31, her EEOC charge would have been timely. As articulated by the Seventh Circuit in Flannery v. Recording Industry Ass'n of America, 354 F.3d 632 (7th Cir. 2004):

> In discriminatory discharge cases, two elements are necessary to establish the date on which the 'unlawful employment practice' occurred. First, there must be a final, ultimate, non-tentative decision to terminate the employee. However, an employer who communicates a willingness to later change a *final* decision of termination, as through an appeals process, does not

>render a decision 'tentative' and not final for the purposes of beginning the limitations period. Second, the employer must give the employee 'unequivocal' notice of its final termination decision. Both of these elements are necessary to start the limitations period; neither alone is sufficient.

Id. at 637. In this case, Plaintiff's allegations suggest the decision to terminate her may not have been final until July 31. Accordingly, the Court cannot say Plaintiff's EEOC charge was untimely. See id. at 640-41 (issue of whether employee's discrimination charges against employer were untimely filed with EEOC could not be determined at motion to dismiss stage, due to factual disputes as to when employer made final decision to terminate employee and when it unequivocally communicated that decision to employee).

Finally, AIL asserts Plaintiff was not its employee, relying on Plaintiff's allegation that she had signed an "independent contractor's contract." However, Plaintiff also implicitly asserts that she was an employee in the very next sentence in which she states "[b]oth unemployment and the EEOC ruled that I was an employee." Whether Plaintiff was an employee or independent contractor is a fact intensive inquiry. See Worth v. Tyler, 276 F.3d 249, 262-263 (courts focus on five factors in determining whether an individual is an employee). At this stage, it is enough that Plaintiff has alleged she was an employee. Despite her acknowledgment that she signed an "independent contractor's contract," it is clear from her Complaint and Response to the Motion to Dismiss that she is asserting her status was that of employee and not independent contractor. I repeat: at this stage it is enough to defeat dismissal. Accordingly, Defendant AIL's

4

Motion to Dismiss is denied.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant American Income Life Insurance Company's Motion to Dismiss [Doc. # 9] is DENIED.

IT IS FURTHER ORDERED that this case is referred to Magistrate Judge Gorman for further proceedings.

ENTERED this <u>31st</u>  day of January, 2005.


                                              s/ Joe B. McDade
                                              JOE BILLY McDADE
                                     United States District Judge