**E-FILED**
Monday, 14 February, 2005  04:06:53 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BARBARA J. KENDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-1140 |
| | ) | |
| AMERICAN INCOME LIFE OF | ) | Chief Judge: Joe Billy McDade |
| CHICAGO and AMERICAN INCOME | ) | Magistrate Judge: John A. Gorman |
| LIFE INSURANCE CO., | ) | |
| | ) | **DEFENDANT DEMANDS TRIAL** |
| Defendants. | ) | **BY JURY ON ALL COUNTS OF THE** |
| | | **COMPLAINT AND COUNTERCLAIM** |

## DEFENDANT AMERICAN INCOME LIFE INSURANCE CO.'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

Defendant American Income Life Insurance Co. ("Defendant") by its attorneys,

Burroughs, Hepler, Broom, MacDonald, Hebrank & True, LLP, and for its Answer, Affirmative

Defenses, Counterclaim and Demand for Jury Trial, states as follows:

### ANSWER TO PRO SE COMPLAINT FOR EMPLOYMENT DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42. U.S.C. §§2000e-5

### I.    PREVIOUS PROCEEDINGS BEFORE THE EEOC

A.    Defendant admits that Plaintiff did not file a Charge before the federal EEOC

relating to her alleged claim of employment discrimination against Defendant.

Defendant denies the remaining allegations contained in paragraph I.A.

B.    N/A—(No allegations are made, therefore, no answer is provided.)

1.    N/A—(No allegations are made, therefore, no answer is provided.)

2.    Defendant admits that the EEOC has a Chicago District Office at this

location, but denies that it handled a Charge against Defendant; Defendant

denies the remaining allegations of paragraph I.B.2.

3.    Defendant admits that the Charge Plaintiff filed against American Income Life of Chicago ("Scott Smith's agency"), which is attached to Plaintiff's Complaint, is numbered 210A202292; Defendant denies that any Charge was filed against it.

4.    Defendant admits that the EEOC Determination letter, a copy of which is attached to Plaintiff's Complaint, speaks for itself; Defendant denies the remaining allegations of paragraph I.B.4.   For further answer, Defendant states that the EEOC Determination letter should be stricken from the Complaint pursuant to Federal Rule of Civil Procedure 12(f).  *See Defendant's Motion to Strike Certain Matters in Complaint and Brief in Support.*

5.    Defendant admits that the EEOC Notice of Right to Sue letter addressed to Plaintiff, a copy of which is attached to Plaintiff's Complaint, speaks for itself; Defendant denies the remaining allegations of paragraph I.B.5.

6.    Defendant admits that Plaintiff's Charge against Scott Smith's agency, a copy of which is attached to Plaintiff's Complaint, is file-stamped April 25, 2002 and speaks for itself; Defendant denies the remaining allegations of paragraph I.B.6.

7.    Defendant is without knowledge sufficient to admit or deny the allegations contained in paragraph I.B.7. and, therefore, denies the same, except to admit that the EEOC Notice of Right to Sue letter is dated February 27, 2004 and states that the EEOC terminates its process with respect to Plaintiff's Charge.

2

C.    Defendant admits only that the documents attached to Plaintiff's Complaint, relating to the EEOC proceedings against Scott Smith's agency, speak for themselves.  Defendant denies that Plaintiff had any EEOC proceedings against it.  Defendant was not named in Plaintiff's Charge, therefore, Defendant was not a respondent to the proceedings.  For further answer, Defendant states that the EEOC Determination letter, attached to the Complaint, should be stricken from the Complaint pursuant to Federal Rule of Civil Procedure 12(f).  *See Defendant's Motion to Strike Certain Matters in Complaint and Brief in Support.*

## II.    PREVIOUS LOCAL, STATE OR FEDERAL PROCEEDINGS

A.    Defendant is without knowledge sufficient to admit or deny the allegations of paragraph II.A. and, therefore, denies the same.

B.    N/A—(No allegations are made, therefore, no answer is provided.)

    1.-7.    N/A—(No allegations are made, therefore, no answer is provided.)

C.    Defendant admits that there are no "separate sheets regarding previous state, local or federal legal proceedings" attached to Plaintiff's Complaint.

## III.    PARTIES TO PRO SE COMPLAINT

A.    N/A—(No allegations are made, therefore, no answer is provided.)

    1.    Defendant admits that Plaintiff's name is "Barbara J. Kendell."

    2.    Defendant admits that Plaintiff's current address is 504 W. High Street, Peoria, Illinois 61606-1923.

    3.    N/A—(No allegations are made, therefore, no answer is provided.)

B.   Defendant admits that there is not a "separate sheet naming other plaintiffs" attached to Plaintiff's Complaint.

C.   N/A—(No allegations are made, therefore, no answer is provided.)

    1.   Defendant admits only that "American Income Life of Chicago" was the named respondent in Plaintiff's EEOC Charge; Defendant denies the remaining allegations of paragraph III.C.1.

    2.   Defendant admits that the business address for Scott Smith's agency was 900 S. Frontage, Woodridge, Illinois 60517; Defendant denies the remaining allegations of paragraph III.C.2.

    3.   N/A—(No allegations are made, therefore, no answer is provided.)

    4.   Defendant denies the allegations of paragraph III.C.4.

    5.   Defendant denies that it was named as a respondent in Plaintiff's EEOC Charge; Defendant admits that its name is "American Income Life Insurance Company." Defendant admits that its address is P.O. Box 2608, 1200 Wooded Acres, Waco, Texas, 76710. Defendant denies the remaining allegations of paragraph III.C.5.

D.   Defendant admits that a "separate sheet," in response to paragraph III.D., is attached to Plaintiff's Complaint; Defendant denies the remaining allegations of paragraph III.D. In response to the allegations contained in Plaintiff's attached "separate sheet," Defendant answers as follows:

Defendant admits that its name is "American Income Life Insurance Company." Defendant admits that its address is 1200 Wooded Acres, Waco, Texas, 76710. Defendant denies that it is the "parent company (corporation) of American

4

Income Life of Chicago." Defendant denies the remaining allegations contained on the "separate sheet" attached in response to paragraph III.D.

## IV.   STATEMENT OF EMPLOYMENT DISCRIMINATION CLAIM

A.   Defendant denies that it discharged Plaintiff; Defendant denies that it demoted Plaintiff; Defendant denies that it denied Plaintiff a promotion; Defendant denies that it violated the Age Discrimination in Employment Act of 1967; and Defendant denies that it violated the Americans with Disabilities Act of 1990.

B.   Defendant admits that Plaintiff attached a two-page, type-written document to her Complaint in response to paragraph IV. B. In response to the allegations contained in Plaintiff's two-page, type-written document, Defendant answers as follows:

Defendant admits that Terry Brennan was a Managing General Agent for Scott Smith's agency. Defendant admits that Scott Smith was a State General Agent for Scott Smith's agency, but is without knowledge sufficient to admit or deny whether Terry Brennan answered to Scott Smith and, therefore, denies the same. Defendant denies that Scott Smith answered to Defendant and Defendant denies that it is a parent company, but admits that it has offices in Waco, Texas. Defendant denies that Terry Brennan "hired" insurance agents for Scott Smith's agency office in Peoria. Defendant is without information sufficient to admit or deny that "the chain of command went from [Defendant] in Waco to AIL of Chicago to AIL in Peoria, Illinois" and, therefore, denies the same. Defendant denies that Terry Brennan "hired" Plaintiff with the approval of Scott Smith and the final approval of Defendant in Waco. Defendant denies that it had the final

5

say in "all hiring and firing" of agents. Defendant is without knowledge sufficient to admit or deny that "all contracts" were with Defendant in Waco, Texas, and, therefore denies the same. Defendant denies all remaining allegations in paragraph 1 of Plaintiff's two-page, type-written document, attached in response to paragraph IV.B.

Defendant denies that Terry Brennan "hired" Plaintiff on September 25, 1998 with the approval of Defendant in Waco. Defendant is without knowledge sufficient to admit or deny the remaining allegations in paragraph 2 of Plaintiff's two-page, type-written document, attached in response to paragraph IV.B. and, therefore, denies the same.

Defendant denies that Terry "hired" Plaintiff. Defendant is without knowledge sufficient to admit or deny the remaining allegations contained in paragraph 3 of Plaintiff's two-page, type-written document, attached in response to paragraph IV.B. and, therefore, denies the same, except to admit that Plaintiff signed an independent agent's contract with Defendant.

Defendant is without knowledge sufficient to admit or deny the allegations contained in paragraph 4 of Plaintiff's two-page, type-written document, attached in response to paragraph IV.B. and, therefore, denies the same.

Defendant is without knowledge sufficient to admit or deny the allegations contained in paragraph 5 of Plaintiff's two-page, type-written document, attached in response to paragraph IV.B. and, therefore, denies the same.

Defendant is without knowledge sufficient to admit or deny the allegations contained in paragraph 6 of Plaintiff's two-page, type-written document, attached in response to paragraph IV.B. and, therefore, denies the same.

Defendant admits that in January of 2000, Plaintiff became a Supervising Agent. Defendant admits that if Plaintiff trained new agents while she was a Supervising Agent they were coded to her. Defendant admits that a Supervising Agent can receive overwrites from an agent underneath him/her in the agent hierarchy, but denies that overwrites serve as "payment" for the training of new agents. Defendant is without knowledge sufficient to admit or deny the remaining allegations contained in paragraph 7 of Plaintiff's two-page, type-written document, attached in response to paragraph IV.B. and, therefore, denies the same.

Defendant is without knowledge sufficient to admit or deny the allegations contained in paragraph 8 of Plaintiff's two-page, type-written document, attached in response to paragraph IV.B. and, therefore, denies the same.

Defendant denies that Terry "fired" Plaintiff. Defendant denies that it sent "official termination," dated July 31, 2001, to Plaintiff. Defendant is without knowledge sufficient to admit or deny the remaining allegations contained in paragraph 9 of Plaintiff's two-page, type-written document, attached in response to paragraph IV.B. and, therefore, denies the same.

Defendant is without knowledge sufficient to admit or deny that Plaintiff has not been paid for the last two or three months of first year commissions and, therefore, denies the same. Defendant admits that Plaintiff was not paid renewal

7

commissions since the date of contract termination, but denies that Plaintiff was

eligible for renewal commissions because her persistency levels did not meet the

minimum standard required to receive renewals under her contract. Defendant

denies the remaining allegations contained in paragraph 10 of Plaintiff's two-

page, type-written document, attached in response to paragraph IV.B.

## V.    RELIEF REQUESTED

Defendant denies that Plaintiff is entitled to backpay, first year commissions and/or
allowances.

Defendant denies that Plaintiff is entitled to certain costs of suit.

Defendant is without knowledge sufficient to admit or deny whether Plaintiff lost group

health coverage when her contract with Defendant terminated and, therefore, denies the same.

Defendant denies that Terry, Scott Smith and Defendant "fired" Plaintiff. Defendant is without

knowledge sufficient to admit or deny whether Plaintiff, as an individual, is uninsurable and,

therefore, denies the same. Defendant denies that Plaintiff is entitled to any monetary award to

"meet whatever medical and or hospital expenses [Plaintiff] may incur until [she] reaches

Medicare eligibility." Defendant denies the remaining allegations contained in section V of

Plaintiff's Complaint.

Accordingly, Defendant American Income Life Insurance Company, having fully

answered Plaintiff's Complaint, requests judgment in its favor and against Plaintiff, its costs,

reasonable attorney's fees and any other relief deemed just and proper.

**AMERICAN INCOME LIFE INSURANCE COMPANY
DEMANDS TRIAL BY JURY.**

DATED: February 14, 2005.                    Respectfully submitted,

                                             */s/ Cassandra J. Hansell*
                                             Cassandra J. Hansell, #06271228
                                             BURROUGHS, HEPLER, BROOM
                                             MacDONALD, HEBRANK & TRUE, LLP
                                             Two Mark Twain Plaza, Suite 300
                                             Edwardsville, Illinois 62025-0510
                                             Phone: (618) 656-0184
                                             Fax: (618) 656-1801
                                             Email: cjh@ilmolaw.com

                                             Attorneys for American Income
                                             Life Insurance Co.

## AFFIRMATIVE DEFENSES TO PRO SE COMPLAINT

Defendant, by its undersigned attorneys, and for its Affirmative Defenses to Plaintiff's

Pro Se Complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because Defendant at all relevant times acted

in good faith and based any and all decisions with respect to Plaintiff, and the termination of

Plaintiff's Agent Contract, on legitimate business reasons, without any improper motive, animus,

intent, purpose or effect.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by her inability to prove any damages caused

by Defendant.

9

## FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by her failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because she breached her duty of good faith and fair dealing with Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by her inability to show causation.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover damages from Defendant insofar as any of her alleged injuries are due or were proximately caused or contributed to by the actions or legal fault of Plaintiff, or by other persons or entities, and not by Defendant.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is seeking punitive damages, her claim is barred by the due process clause of the United State Constitution and amendments thereto, and by the due process clause of the Illinois State Constitution.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages for emotional distress, if any, are divisible and other outside factors contributed to Plaintiff's alleged harm such that Defendant's liability, if any, is limited through apportionment.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by her inability to show causation.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks injunctive relief, her Complaint is barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant did not employ Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff waived any and all claims against Defendant because it was not named as a Respondent on Plaintiff's Charge of Discrimination that she filed with the EEOC.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedies and, therefore, lacks standing to file suit in federal court against Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedies and, therefore, the Court lacks subject matter jurisdiction as to some or all of Plaintiff's claims insofar as she failed to file administrative charges with the EEOC within 300 days, or with the IDHR within 180 days, of the occurrence of some or all of the facts, events or allegations for which she seeks relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the relief she seeks are barred, in whole or in part, and the Court lacks subject matter jurisdiction over some or all of Plaintiff's claims insofar as Plaintiff failed to file administrative charges with the EEOC or IDHR requesting some or all of the relief she seeks.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the relief she seeks are barred, in whole or in part, and the Court lacks subject matter jurisdiction over some or all of Plaintiff's claims insofar as its allegations are based on facts, events or allegations that are beyond the scope of any complaint or charge of discrimination filed by Plaintiff with the EEOC or IDHR.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant cannot be held liable for the acts of third party independent contractors.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent this Court may conclude that certain individuals are employees and not independent contractors, some or all of Plaintiff's claims are barred because she is unable to prove that Defendant retaliated against her due to her engagement in any activity protected under state or federal law or public policy and because she cannot establish that her Agent Contract would not have been terminated for other legitimate business reasons even if she could establish a claim for retaliation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent this Court may conclude that certain individuals are employees and not independent contractors, Defendant cannot be held vicariously liable for the unknown, unauthorized or unratified acts of its employees.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent this Court may conclude that certain individuals are employees and not independent contractors, Plaintiff's status as a female was not a substantial or motivating factor in any actions Defendant may have taken relative to her.

12

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent this Court may conclude that certain individuals are employees and not independent contractors, Plaintiff's alleged disability was not a substantial or motivating factor in any actions Defendant may have taken relative to her.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent this Court may conclude that certain individuals are employees and not independent contractors, Plaintiff's age was not a substantial or motivating factor in any actions Defendant may have taken relative to her.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent this Court may conclude that certain individuals are employees and not independent contractors, Defendant cannot be held vicariously liable for the acts of its employees that are committed outside the scope of their employment, or for acts of which it had no knowledge, or of which it neither authorized nor ratified.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent this Court may conclude that certain individuals are employees and not independent contractors, Plaintiff's claims are barred by her failure to report alleged instances of discrimination to Defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent this Court may conclude that certain individuals are employees and not independent contractors, Plaintiff welcomed and/or participated in the conduct she alleges in her Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent this Court may conclude that certain individuals are employees and not independent contractors, Plaintiff did not notify Defendant of any alleged sex discrimination.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent this Court may conclude that certain individuals are employees and not independent contractors, both genders were subjected to the conduct alleged in Plaintiff's Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim for disability discrimination is barred on the basis that Plaintiff lacks a disability recognized by the ADA.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

American Income Life Insurance Company reserves the right to assert such other and further defenses as are discovered during pre-trial discovery.

WHEREFORE, the Defendant American Income Life Insurance Company respectfully requests that the Court dismiss this action with prejudice, enter judgment in its favor and award Defendant its attorney's fees, costs and expenses incurred in defense thereof, and any such further relief as is appropriate.

**AMERICAN INCOME LIFE INSURANCE COMPANY
DEMANDS TRIAL BY JURY.**

DATED: February 14, 2005.                    Respectfully submitted,

                                             */s/ Cassandra J. Hansell*
                                             Cassandra J. Hansell, #06271228
                                             BURROUGHS, HEPLER, BROOM
                                             MacDONALD, HEBRANK & TRUE, LLP
                                             Two Mark Twain Plaza, Suite 300
                                             Edwardsville, Illinois 62025-0510
                                             Phone: (618) 656-0184
                                             Fax: (618) 656-1801
                                             Email: cjh@ilmolaw.com

                                             Attorneys for American Income
                                             Life Insurance Co.

## AMERICAN INCOME LIFE INSURANCE COMPANY'S COUNTERCLAIM AGAINST BARBARA J. KENDELL

### COUNT I--BREACH OF CONTRACT

American Income Life Insurance Company ("AIL"), by its undersigned attorneys, and for

Count I of its Counterclaim against Barbara J. Kendell ("Kendell"), states as follows:

1.      AIL is an Indiana company and it is licensed to sell insurance in the State of

Illinois.

2.      Kendell resides in Peoria, Illinois.

3.      On June 1, 2004, Kendell filed an action, based upon the termination of her Agent

Contract, against AIL alleging violations of Title VII of the Civil Rights Act of 1964, the Age

Discrimination in Employment Act of 1967 and the Americans with Disabilities Act of 1991.

4.      Supplemental jurisdiction exists pursuant to 28 U.S.C. §1367 because this

counterclaim arises out of the same case or controversy as Kendell's original action.

5.      From September 25, 1998 until July 31, 2001, Kendell was contracted as an insurance agent to sell insurance on behalf of AIL,. *Kendell's AIL Agent Contracts and Supervising Agent Contracts are attached as Exh. A.*

6.      The written Agent Contracts, Termination Section, that Kendell signed provide, in relevant part, that:

> After termination the ***Agent will never use*** policyholder records, union or credit union membership records, or other business records concerning the business of the Company, including, but not limited to, lead return cards, policyholder lists, computer disks or other storage media, no matter how or when obtained, and whether prepared by the Company, the Agency, the Agent, or any other person, ***for the purpose of soliciting the sale or replacement of insurance by the Agent or by others***. All such records will be returned to the Company without retaining copies.
>
> After termination, ***the Agent will never, directly or indirectly, attempt to induce policy holders with the Company to terminate their policies or any other way to injure the business or reputation of the Company***.

*(Emphasis added) See Exh. A* (the Supervising Agent Contracts, Termination Section, contain substantially identical language).

7.      During all relevant times, AIL performed all of its contractual obligations relating to Kendell.

8.      On August 5, 2001, AIL sent a letter to Kendell confirming that it had been notified of her contract termination with AIL. *AIL termination letter is attached as Exh. B.*

9.      Upon information and belief, Kendell thereafter became an insurance agent with Federal Life Insurance Company (Mutual), located in Riverwoods, Illinois.

10.     In or around November 2002, AIL received notice from Federal Life Insurance Company (Mutual) that Kendell replaced or attempted to replace three AIL policies. *October 24, 2002 Notice Regarding Replacement, signed by Kendell and November 12, 2002 Federal Life Insurance Company (Mutual) letter to AIL regarding replacement is attached as Exh. C*

11.    On January 3, 2003, AIL sent a letter to Kendell advising her that her conduct violated her Agent Contract with AIL; AIL requested Kendell to return all policyholder records and cease and desist from contacting any AIL policyholders. *AIL January 3, 2003 letter to Kendell is attached as Exh. D.*

12.    Thereafter, AIL received notice from Federal Life Insurance Company (Mutual) that Kendell continued to replace or attempt to replace additional AIL policies in violation of her Agent Contract with AIL. *June 12, 2003 Notice Regarding Replacement, signed by Kendell and June 17, 2003 Federal Life Insurance Company (Mutual) letter to AIL regarding replacement is attached as Exh. E*; and *May 3, 2003 Notice Regarding Replacement, signed by Kendell and May 9, 2003 Federal Life Insurance Company (Mutual) letter to AIL regarding replacement is attached as Exh. F.*

13.    On July 2, 2003, AIL sent Kendell a second letter regarding additional violations of her Agent Contract with AIL. This letter advised Kendell she has committed additional violations since AIL's January 3, 2003 letter and that her "contract provisions provide that [she] will not use policyholder records or other business records for the purpose of soliciting the sale or replacement of insurance by the Agent or others." *AIL July 2, 2003 letter to Kendell is attached as Exh. G.*

14.    Kendell knowingly and repeatedly breached her Agent Contract with AIL. Based upon information and belief, Kendell violated her AIL contract on additional occasions with regard to additional insureds.

15.    As a result of Kendell's breach of contract, AIL's business was damaged.

16.    AIL should be awarded general damages and damages for all other incidental and consequential damages, including but not limited to lost profits and interest, that resulted from Kendell's breach of contract.

17. AIL has been forced to incur attorneys fees and costs.

WHEREFORE, American Income Life Insurance Company prays that this Court enter judgment in its favor and against Barbara J. Kendell and award all other costs as justice requires.

## COUNT II--TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATION

American Income Life Insurance Company ("AIL"), by its undersigned attorneys, and for Count I of its Counterclaim against Barbara J. Kendell ("Kendell"), states as follows:

1-17.    For paragraph one (1) through seventeen (17) of Count II, AIL re-alleges and incorporates by reference paragraphs one (1) through seventeen (17) of Count I as though fully alleged herein.

18.    During all relevant times, James Hockman was an insured of AIL and maintained three contracts and/or policies of insurance with AIL. *See Exhs. C and D.*

19.    During all relevant times, Kevin Brummitt was an insured of AIL and maintained one contract and/or policy of insurance with AIL. *See Exh. E.*

20.    During all relevant times, Jay De Valkenaere was an insured of AIL and maintained one contract and/or policy of insurance with AIL. *See Exh. F.*

21.    The contracts and/or policies of insurance between Mr. Hockman, Mr. Brummitt, Mr. Valkenaere and AIL were all valid and enforceable contracts. *See Exhs. C-G.*

22.    Kendell knew of the contractual relationship between Mr. Hockman, Mr. Brummitt, Mr. Valkenaere and AIL and Kendell had a contractual duty, based upon the terms

18

and conditions of her Agent Contract, not to interfere with AIL's contractual and/or business relationship with these individuals. *See Exhs. A, C, E and F.*

23.    Kendell intentionally, knowingly and wrongfully interfered with AIL's contractual relationship with these individuals by inducing them to breach their contracts with AIL.

24.    As a result of Kendell's tortious interference with contractual relations, the above-named individuals terminated and/or breached their contracts with AIL.

25.    As a result of Kendell's tortious interference with AIL's contractual relations with these individuals, AIL sustained damages.

26.    AIL should be awarded compensatory damages and any and all other incidental or consequential damages, including but not limited to lost profits and interest, that it sustained as a result of Kendell's above-described conduct.

27.    AIL has been faced to incur attorneys fees and costs.

28.    Kendell's conduct was done with a wanton, reckless and malicious disregard for the rights of AIL such that AIL is entitled to an award of punitive damages.

WHEREFORE, American Income Life Insurance Company prays that this Court enter judgment in its favor and against Barbara J. Kendell and award all other costs as justice requires.

**AMERICAN INCOME LIFE INSURANCE
COMPANY DEMANDS TRIAL BY JURY.**

DATED: February 14, 2005.                    Respectfully submitted,

*/s/ Cassandra J. Hansell*
Cassandra J. Hansell, #06271228
BURROUGHS, HEPLER, BROOM
MacDONALD, HEBRANK & TRUE, LLP
Two Mark Twain Plaza, Suite 300
Edwardsville, Illinois 62025-0510
Phone: (618) 656-0184
Fax: (618) 656-1801
Email: cjh@ilmolaw.com

Attorneys for American Income
Life Insurance Co.

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2005, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the

following:

- N/A

and I hereby certify that on February 14, 2005, I mailed by United States Postal Service, a copy

of the document(s) to the following non-registered participants:

- Barbara J. Kendell
  504 W. High St.
  Peoria, IL 61606.

Respectfully submitted,

*/s/ Cassandra J. Hansell*
Cassandra J. Hansell, #06271228
BURROUGHS, HEPLER, BROOM
MacDONALD, HEBRANK & TRUE, LLP
Two Mark Twain Plaza, Suite 300
Edwardsville, Illinois 62025-0510
Phone: (618) 656-0184
Fax: (618) 656-1801
Email: cjh@ilmolaw.com