E-FILED
Tuesday, 24 May, 2005  12:21:45 PM
Clerk, U.S. District Court, ILCD

FILED

MAY 2 4 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BARBARA J. KENDELL,            )
    Plaintiff,                )
                               )
vs.                            )   Case No. 04-1140
                               )   Chief Judge: Joe Billy McDade
AMERICAN INCOME LIFE OF        )   Magistrate Judge: John A. Gorman
CHICAGO and AMERICAN INCOME    )
LIFE INSURANCE CO.,            )
                               )
    Defendants.               )

MOTION TO APPOINT COUNSEL

    I am asking the court to appoint counsel for me. The court denied this motion previously. I am copying from your previous Order of May 27, 2004.

    My situation has changed. I am physically unable to do the work expected and I do not have the money to hire an attorney. I am applying under 28 U.S.C. s1915 (e) (1). See McKeever v. Israel, if this is appropriate. All I know is that Cassandra Hansell of Burroughs, Heppler, Broom, MacDonald, Herbrank &True; LLP has been very nice but insistent, as is her job. Since I last asked you to appoint counsel for me, she has buried me in paperwork.

    I took a job with AAA Chicago Motor Club on December 06, 2004. Since I have been working full time, which is 40 to 60 hours a week and my physical condition has gone down hill. My current expenses continue to run aprox. @3000.00a month. I owe over $22,000.00 between medical expenses, credit cards and borrowed money. I do not make anywhere near that amount so my indebtness continues to grow.

    The court said, "That the legal issues raised are not unduly complex, and there is an abundance of accessible case law," when I asked for counsel before. Maybe but when I do not get off work until 5:30 or7:00p.m or later and the Law Library closes at 4:30 p.m. I do not get any time to research the law. I managed to get to the Law Library twice since this started.
In the beginning of March, I had to attend my own Deposition. It lasted 12 hours. My back and leg still have not recovered. I am awoken 4 to 6 times a night 3 to 4 times a week with left leg muscle spasms that I have to stretch or walk off. My arthritis, in my hands, since I have to do a lot of typing at work leave me unable to work on my case as I should when I get home. I am attaching a letter from my Rhumatologist Dr. Couri (see attached). My hands were so bad that I had to see him on an emergency appointment. He

changed some of my medications and placed me on Predisone, which is a dangerous drug. I have reached my limit. I cannot go on this way. I need some help from the Court.

Please reconsider my request to appoint counsel for me.

I want my day in court but it cannot be at the expense of my health.

Dated May 23, 2005

Respectfully submitted

*Barbara Kendell*

Barbara J. Kendell
Plaintiff

504 W. High Street
Peoria, Illinois 61606-1923
Phone: 309-673-7112
E-mail: Jabby21@juno.com
E-mail: bjkendell@aaachicago.com

## CERTIFICATE OF SERVICE

I certify that on May 24, 2005 I hand delivered to the Court the foregoing.

And I hereby certify that that a copy of the foregoing was sent to the following counsel/parties of record via First Class U.S. Mail, postage paid, this __24_ day of May 2005:

Cassandra J. Hansell
BURROUGHS, HEPLER, BROOM,
MacDONALD, HEBRANK, & TRUE,LLP
Two Mark Twain Plaza, Suite 300
Edwardsville, Illinois 62025-0510
Phone: 618-656-0184
Fax: 618-656-1801

Barbara J. Kendell
504 W. high Street
Peoria, IL 61606
309-673-7112

# Methodist Medical Group
## Rheumatology

Joseph M. Couri, M.D.
Vaughn Hanna, M.D.
Dipti Doshi, M.D.

May 9, 2005

RE:  Barbara Kendall
     DOB: 01/07/43

To Whom It May Concern:

Barbara seems to be having increasing difficulty with her hands and wrists. She has arthritis and tendonitis in her hands and this has made it more difficult for her to not only do her job full-time, which is busy, but she also apparently has been acting in her own defense on a legal matter. After discussing the options with her, I feel it would be better for her hands if she had a court-appointed attorney who could help her through this process. I have mixed feelings about her representing herself anyway, let alone the concerns regarding her hands and difficulties using her hands.

Sincerely yours,

Joseph Couri, M.D.

/sw