UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BARBARA J. KENDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-1140 |
| ) | |
| AMERICAN INCOME LIFE OF ) | |
| CHICAGO and AMERICAN INCOME ) | |
| LIFE INSURANCE CO., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT AMERICAN INCOME LIFE INSURANCE CO.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Defendant American Income Life Insurance Co. ("Defendant AIL"), by its undersigned attorneys, submits the following Response in Opposition to Plaintiff's Motion to Appoint Counsel:

**I. PRELIMINARY STATEMENT**

Plaintiff's present circumstances do not merit appointment of counsel. Plaintiff has not made "reasonable efforts" to retain counsel and she still cannot satisfy the factors set forth in *Merritt v. Faulkner*. As such, this Court again should deny Plaintiff's request for appointment of counsel.

**II. FACTS**

*A.    Background*

On June 1, 2004, Plaintiff filed a Pro Se Complaint against the above-named Defendants. This matter has been pending for twelve (12) months and the close of discovery is tomorrow, June 8, 2005.

### B. Plaintiff's May 4, 2004 Motion for Appointment of Counsel and Application to Proceed In Forma Pauperis

Over one year ago, on May 4, 2004, Plaintiff filed a Motion for Appointment of Counsel claiming that she was unable to afford services of an attorney and requested that this Court appoint one to her. *See May 4, 2004 Motion for Appointment of Counsel.* Plaintiff also sought an Application to Proceed In Forma Pauperis. *Id.* On May 27, 2004, this Court denied both requests. *See May 27, 2004 Order.*

### C. May 27, 2004 Order denying Plaintiff's Motion for Appointment of Counsel

On May 27, 2004, Chief Judge Joe Billy McDade denied Plaintiff's Motion for Appointment of Counsel, concluding that "appointment of counsel is not warranted," based upon the following reasons:

- "Plaintiff is pursuing a wrongful discharge/demotion claim against her previous employer that she claims was due to her age and disability;"

- "Plaintiff has not alleged any physical or mental disability that might preclude her from adequately investigating the facts giving rise to her case;"

- "[T]he evidence which might support Plaintiff's claims does not appear so complex or intricate that a trained attorney is a necessity, and there is nothing before the Court to suggest that Plaintiff is not capable of adequately presenting her case;" and

- "[T]he legal issues raised are not unduly complex, and there is an abundance of accessible case law."

*See May 27, 2004 Order, Section II.*

### D. Plaintiff's May 24, 2005 Motion to Appoint Counsel

Recently, on May 24, 2005, Plaintiff filed a second Motion to Appoint Counsel. *See May 24, 2005 Motion to Appoint Counsel.* Plaintiff now claims that her situation has

2

changed on the basis that she is "physically unable to do the work expected and [she] does not have the money to hire an attorney." *Id.*

### E. Additional facts this Court should consider

Plaintiff is an intelligent business woman and is not an indigent. She has owned and operated Kendell Insurance Company from 1997 to the present. *Excerpts of Plaintiff's Deposition are attached as Exhibit A; see Ex. A. pp. 104, 112-113.* She formerly was the President of Joken, Ltd., which was a real estate limited partnership, and the President of MKM Enterprises, which was a nutritional business. *Ex. A. pp. 73, 84-85.*

She currently is employed as an insurance agent at AAA and her net earnings are between $930 and $960 every two (2) weeks. *Ex. A. p. 115.* She receives benefits including, major medical, dental and vision insurance and has mutual fund investments. *Ex. A. pp. 117-118.* She still receives renewals (compensation) from prior insurance policies that she has sold over the years. *Ex. A. pp. 112-113.* Counsel for Defendant believes that she still drives her Lincoln Towncar. Plaintiff has no natural born children and no dependents. *Ex. A. pp. 23-24.* She has been cohabitating with Dr. Curtis Fraizer for the past ten (10) years and he gives her $400 per month.[1]

Plaintiff is no stranger to the legal system. Plaintiff has been involved with and/or a party to ten (10) different lawsuits over the past several years. *Ex. A. pp. 14-15, 79-83, 86 and 93-100.*

In addition, Plaintiff, without the assistance of counsel, filed and prosecuted a union grievance, unemployment compensation claim (arguing that she was a statutory

---

[1] Defendant's counsel deposed Dr. Fraiser yesterday, June 6, 2005. Defendant will provide relevant excerpts of his deposition transcript as soon as it is received and it will be marked as Exhibit B.

employee rather than independent contractor), claim with the IRS challenging her status as an independent contractor and an EEOC Charge of Discrimination. *Ex. A. pp. 39, 294, 374-376 and 428.* Plaintiff prepared and filed her own *Pro Se* Complaint, Rule 26 Disclosure, successfully opposed a Motion to Dismiss, prepared Interrogatories, engaged in written discovery and attended/defended depositions without any apparent difficulty.

### III. ARGUMENT

*A.     Standard*

The district court has broad discretion to appoint counsel under 28 U.S.C. §1915 (e)(1). *McKeever v. Israel*, 689 F2d 1315, 1318 (7th Cir. 1982) (citations omitted).

*B.     Plaintiff has not made reasonable efforts to retain counsel, which is a threshold requirement under §1915*

The Seventh Circuit has stated that when deciding whether to grant a request for counsel, "the district judge must first determine if the [petitioner] has made reasonable efforts to retain counsel and was unsuccessful . . . ." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). "If, however, the [petitioner] has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any §1915[(e)(1)] motions outright." *Id.*

Plaintiff's <u>single</u> attempt to retain counsel, over a one-year period of time, is not reasonable considering the length of time this matter has been pending and the countless lawyers in the Peoria and surrounding areas who take cases on a contingent fee basis.

Based upon Plaintiff's own deposition testimony, she only has met with one lawyer, Leo Benassi, about the merits of her case, which was at the inception of this litigation, and he did not agree to take the case on a contingency basis. *Ex. A. pp. 44-45.*

Regarding contact with other lawyers, she testified that she spoke to Lance Hanna (who, according to Plaintiff, may or may not have a law license) and her friend, attorney Kevin Sullivan, about procedural questions. *Ex. A, pp. 46-48.* She claims to have dropped "stuff off" at Mr. O'Day's office in November or December of 2004, but retrieved it prior to his review of documents. *Ex. A, pp. 46-47.* She testified that at that point, she "thought I'm going to do it myself. I'm either going to win or I'm going to lose. I don't care." *Ex. A., p. 47.* Notably, Plaintiff provided no testimony that she ever contacted Mr. Williams regarding her lawsuit, as she inferred in her initial May 4, 2004 Motion for Appointment of Counsel. *See May 4, 2004 Motion for Appointment of Counsel.*

Because Plaintiff has been unsuccessful with one attempt to obtain counsel over the course of twelve (12) months, it cannot be said that Plaintiff has made "reasonable efforts" to retain counsel and was unsuccessful, as she is required to do under §1915 before relief should be granted. As such, this Court again should deny Plaintiff's request for a court-appointed attorney because she fails to meet the "reasonable efforts" standard.

C.  ***Plaintiff still cannot satisfy the Merritt factors***

As this Court originally stated in its May 27, 2004 Order, a district court is guided by several factors in exercising its discretion:

> (1) whether the merits of the indigent's claims are colorable; (2) the ability of the indigent plaintiff to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent litigant to present the case; and (5) the complexity of the legal issues raised by the plaintiff.

*Merritt v. Faulkner*, 679 F.2d 761, 764 (7th Cir. 1983) (citations omitted). *See May 27, 2004 Order.*

Even considering Plaintiff's allegation -- that her situation has changed -- this Court's original ruling and reasoning, that appointment of counsel is not warranted, hold true.

First, "Plaintiff is pursuing a wrongful discharge/demotion claim against her previous employer[2] that she claims was due to her age and disability." *See May 27, 2004 Order.*

Second, "Plaintiff has not alleged any physical or mental disability that might preclude her from adequately investigating the facts giving rise to her case." *See May 27, 2004 Order.* In fact, Dr. Joseph Couri, Plaintiff's treating physician, testified that Plaintiff is intelligent, mentally capable of understanding factual and legal issues and not mentally or emotionally unstable.[3] Regarding Plaintiff's hands, Dr. Couri admitted that her live-in boyfriend, a friend, co-worker or relative would be just as helpful to her current hand difficulties as a court-appointed lawyer.[4] More than anything, Dr. Couri personally feels that Plaintiff would be better served if she had a lawyer.[5]

Third, "the evidence which might support Plaintiff's claims does not appear so complex or intricate that a trained attorney is a necessity, and there is nothing before the Court to suggest that Plaintiff is not capable of adequately presenting her case." *See May 27, 2004 Order.* Plaintiff is no stranger to the legal system. In addition to her past experiences and involvement in other

---

[2] Although Plaintiff's claims against Defendant AIL are based upon Title VII, the ADEA and the ADA, it denies that it employed Plaintiff.
[3] Defendant's counsel deposed Dr. Joseph Couri yesterday, Monday, June 6, 2005. Defendant's counsel will supplement excerpts of his deposition transcript as soon as it is received and it will be marked as Exhibit C.
[4] Excerpts will be supplemented as Ex. C.
[5] Excerpts will be supplemented as Ex. C.

litigation and administrative proceedings, Plaintiff prepared and filed her own *Pro Se* Complaint, Rule 26 Disclosure, successfully opposed a Motion to Dismiss, prepared Interrogatories, engaged in written discovery and attended/defended depositions without any apparent difficulty.

Fourth, "the legal issues raised are not unduly complex, and there is an abundance of accessible case law." *See May 27, 2004 Order*. Although Plaintiff complains that she has not been able to research because the law library closes at 4:30 p.m. and she works until 5:30 p.m. or 7:00 p.m., there is an abundance of accessible case law at Bradley University Library (Monday-Friday, 8 a.m. - 11 p.m., Saturday-Sunday, 1 p.m. - 8 p.m.) and Peoria Public Library (Monday-Thursday, 9:00 a.m. - 9:00 p.m. and Friday, 9:00 a.m. - 6 p.m.). Legal materials also are available within a few hours drive at Illinois State Library (Springfield, Illinois), Illinois State University Milner Library (Normal, Illinois) and the University of Illinois Law School Library (Champaign, Illinois), which is open on weekends.

## IV. CONCLUSION

Because Plaintiff can neither meet the threshold inquiry, nor the *Merritt* factors, this Court again should exercise its discretion against appointment of counsel and should deny Plaintiff's request.

DATED: June 7, 2005.                              Respectfully submitted,

                                                  /s/ Cassandra J. Hansell
                                                  Cassandra J. Hansell, #06271228
                                                  BURROUGHS, HEPLER, BROOM
                                                  MacDONALD, HEBRANK &
                                                  TRUE, LLP
                                                  Two Mark Twain Plaza, Suite 300

7

Edwardsville, Illinois 62025-0510
Phone: (618) 656-0184
Fax: (618) 656-1364
Email: cjh@ilmolaw.com

*Attorneys for American Income Life Insurance Co.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent to the following counsel/parties of record via First Class U.S. Mail, postage prepaid, this 7th day of June, 2005:

Barbara J. Kendell
504 W. High St.
Peoria, IL  61606

/s/ Cassandra J. Hansell