E-FILED
Tuesday, 21 June, 2005 01:07:41 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BARBARA J. KENDELL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 04-1140 |
| AMERICAN INCOME LIFE OF CHICAGO, et.al., | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is Plaintiff's Motion for Appointment of Counsel [Doc. # 49]. According to Plaintiff's updated IFP application, she is currently employed as an insurance agent making $288.47 per week salary plus commission. In her March 5, 2005 deposition, Plaintiff testified that she was making $930 to $960 "take home pay" every two weeks in salary and commissions. Plaintiff also has a bank account containing $207.27 and receives money from her domestic partner "to help pay the bills." It does not appear that Plaintiff supports any dependants, but she represents that she has a large amount of credit card and medical debt.

Indigent parties in civil actions who are unable to obtain counsel may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1). See <u>McKeever v. Israel</u>, 689 F.2d 1315, 1318 (7th Cir. 1982). The decision to appoint counsel under this section lies

within the broad discretion of the Court. Id.; see also Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982).

In exercising its discretion, a district court is guided by several factors: (1) whether the merits of the indigent's claims are colorable; (2) the ability of the indigent plaintiff to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent litigant to present the case; and, (5) the complexity of the legal issues raised by the plaintiff. Merritt v. Faulkner, 697 F.2d 761, 764, citing Maclin v. Freaks, 650 F.2d 885, 887-89 (7th Cir. 1981). In addition, a threshold requirement before reaching the Merritt factors is a showing that a litigant has made a reasonable attempt to retain private counsel. Jackson v. County of McLean, 953 F.2d 1070, 1072 (7th Cir. 1992).

As a threshold matter, Plaintiff is not indigent. Further, the Court does not believe Plaintiff has made reasonable efforts to retain private counsel. The record reflects that Plaintiff contacted attorney Lou Benassi but was unable to afford the quoted retainer of $30,000. However, there is no indication that Plaintiff has made any further reasonable attempts to retain counsel. To the contrary, Plaintiff testified that after attorney Dan O'Day took too long to review the documents for her case she

decided "I'm going to do it myself.  I'm either going to win or I'm going to lose.  I don't care."  Based on the foregoing, the Court finds appointment of counsel is not warranted at this time.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel [Doc. # 49] is DENIED.


Entered this ___21st___ day of June, 2005.


                                                                 s/Joe Billy McDade
                                                                     JOE BILLY McDADE
                                                      United States District Judge