UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BARBARA J. KENDELL, )
)
    Plaintiff, )
)
vs. )  Case No. 04-1140
)
AMERICAN INCOME LIFE OF )
CHICAGO and AMERICAN INCOME )
LIFE INSURANCE CO., )
)
    Defendants. )

## AFFIDAVIT OF DEBBIE GAMBLE

Debbie Gamble personally appeared before the undersigned Notary Public and, after being duly sworn, states and deposes as follows:

1. I am over the age of 21, under no legal disability and am competent to testify.

2. I have personal knowledge of the information contained in this Affidavit.

3. I am the Senior Vice President of American Income Life Insurance Company ("AIL"), headquartered in Waco, Texas.

4. AIL is licensed to sell insurance in forty-nine (49) states and it's subsidiary National Income Life Insurance Company is licensed in New York.

5. AIL's main marketing niche is providing supplemental health and life insurance products to members of labor unions, credit unions and associations.

6. In or around September of 1998, Barbara J. Kendell contracted to sell insurance, as an independent insurance agent, on behalf of AIL through Scott Smith, who we understand called his agency "American Income Life of Chicago ("Smith Agency"), located in Peoria, Illinois.



DEFENDANT'S EXHIBIT

7. During all relevant times, the Smith Agency was independently owned and operated by Scott A. Smith ("Smith"), an independent contractor and State General Agent for AIL.

8. The Smith Agency called American Income Life of Chicago, was not owned or operated by AIL.

9. During all relevant times, Terrance M. Brennan ("Brennan") was an independent insurance agent and General Agent, Supervising Agent and/or Master General Agent for AIL.

10. AIL did not control or supervise the manner in which Smith conducted his business, other than the written terms and conditions that he agreed to abide by that are set forth in the State General Agent Contracts.

11. AIL did not control or supervise the manner in which Brennan conducted business, other than the written terms and conditions that he agreed to abide by that are set forth in his contracts with AIL.

12. AIL did not control or supervise the manner in which Ms. Kendell conducted business, other than the written terms and conditions stated in her contracts with AIL.

13. Ms. Kendell sold insurance on behalf of AIL through the Smith Agency for approximately two and a half (2 ½) years.

14. On or about June 25, 2001, Scott Smith notified Ms. Kendell that her contract would be terminated on July 31, 2001.

15. On August 5, 2001 AIL sent an official contract termination letter to Ms. Kendell confirming the termination date of July 31, 2001.

16. While an agent, Ms. Kendell was responsible for all expenses incurred in the production of insurance on behalf of AIL.

17. Ms. Kendell was paid on a commission basis and her commission (profit or loss) solely was dependent upon her degree of skill and effort.

18. AIL did not train Ms. Kendell to be an agent and did not otherwise control or supervise the manner in which she solicited business and/or sold policies on behalf of AIL.

19. AIL issued a 1099 to Ms. Kendell, did not pay any Social Security taxes on commissions paid and did not withhold any federal or state income taxes.

20. AIL did not provide Ms. Kendell with paid holidays, paid vacations, paid sick leave, overtime and she was not covered by Worker's Compensation.

21. Ms. Kendell, at her own expense, was responsible for furnishing her own means of transportation, office or place of business, advertisements, form letters, letterheads, circulars and all other incidentals incurred in the solicitation of insurance on behalf of AIL.

22. Any persons retained by Ms. Kendell to assist her in the production of insurance were at her own expense.

23. With respect to Ms. Kendell, AIL imposed no fixed hours, did not have a mandatory work schedule and she was free to choose the time and manner in which services were performed.

24. AIL did not require Ms. Kendell to make up time missed.

25. AIL did not supply Ms. Kendell with office supplies, such as pens, pencils or paper and did not pay for her use of such items.

26. AIL did not supply office equipment, such as fax machines, computers or telephones, to Ms. Kendell and it did not pay for her use of such items.

Further Affiant sayeth not.

_____
DEBBIE GAMBLE

SUBSCRIBED AND SWORN to before me this 8th day of July, 2005.

_____
Notary Public

My Commission Expires: 03-11-2009

RHONDA YORK
Notary Public
STATE OF TEXAS
My Commission
Expires 03/11/2009

4