UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BARBARA J. KENDELL, )
)
Plaintiff, )
)
vs. ) Case No. 04-1140
)
AMERICAN INCOME LIFE OF )
CHICAGO and AMERICAN INCOME )
LIFE INSURANCE CO., )
)
Defendants. )

### AFFIDAVIT OF SCOTT A. SMITH

Scott A. Smith personally appeared before the undersigned Notary Public and, after being duly sworn, states and deposes as follows:

1. I am over the age of 21, under no legal disability and am competent to testify.

2. I have personal knowledge of the information contained in this Affidavit.

3. During all relevant times, I was an independent insurance agent and State General Agent for American Income Life Insurance Company ("AIL"), headquartered in Waco, Texas. *My January 1, 2000 State General Agent Contract with AIL is attached as Ex. A.*

4. During all relevant times, I independently owned and operated insurance agencies in the Chicago area and in Peoria, Illinois, in addition to other locations, and sold insurance policies on behalf of AIL.

5. My insurance agency was a sole proprietorship that I called "American Income Life of Chicago."



6. Although my insurance agency contained the same or similar name to AIL, it was not owned or operated by AIL.

7. Terrance M. Brennan ("Brennan") is an individual and, during all relevant times, was an independent insurance agent and General Agent, Supervising Agent and/or Master General Agent for AIL. *Brennan's April 1, 2001 General Agent Contract with AIL is attached as Ex. B.*[1]

8. During all relevant times, Brennan was a Master General Agent and he functioned as a manager for my office located in Peoria, Illinois.

9. Brennan was responsible for the contracting of insurance agents in my Peoria agency.

10. On or about September 25, 1998, Brennan contracted Barbara J. Kendell as an independent insurance agent for my Peoria agency.

11. Ms. Kendell sold insurance through my Peoria agency for approximately two and a half (2 ½) years.

12. Based upon information and belief, on May 31, 2001, Brennan told Ms. Kendell that her Agent Contract was terminated.

13. Based upon information and belief, May 31, 2001 was the last day that Ms. Kendell acted as an insurance agent on behalf of AIL.

14. Based upon information and belief, AIL sent an official termination letter to Ms. Kendell confirming that her agent contract was terminated effective July 31, 2001. Further Affiant sayeth not.

_____
SCOTT A. SMITH

---

[1] Managing General Agents signed General Agent Contracts.

SUBSCRIBED AND SWORN to before me this 8th day of July, 2005.

_Rhonda York_
Notary Public

My Commission Expires: 03-11-2009



RHONDA YORK
Notary Public
STATE OF TEXAS
My Commission
Expires 03/11/2009



# AMERICAN INCOME LIFE INSURANCE COMPANY
*P.O. Box 2608 Waco, TX 76797*

**STATE GENERAL AGENT CONTRACT**
This is a contract between AMERICAN INCOME LIFE INSURANCE COMPANY and the State General Agent who signs below. American Income is referred to as "Company."

**OBLIGATIONS OF STATE GENERAL AGENT**

(a) During the term of your contract with the Company, you shall not be licensed with or maintain a contract or appointment with any other insurance company.
(b) To follow Company regulations.
(c) To be responsible for the acts and obligations of Agents, General Agents, Public Relations personnel, and other representatives coded to the State General Agent, including:
  1. All money collected by such persons,
  2. All money advanced to such persons by the Company, and
  3. All liability of such persons to the Company
(d) To repay to the Company on demand all sums owing on the account of the State General Agent, including sums charged to such account pursuant to the responsibility of the State General Agent for the obligations of representatives coded to the State General Agent.
(e) To keep appropriate business records and to give such to the Company upon request.
(f) To use all business records, policyholder records, and records of leads, prospects or memberships of organizations, only for the business purposes of the Company, to hold such records in confidence, to recognize that such records are the property of the Company whether paid for or created by the efforts of the Company, the State General Agent, the representatives coded to the State General Agent, or any other person, and to surrender such records to the Company upon request without retaining copies of such except as authorized by the Company in writing.
(g) To submit all applications for insurance promptly to the Company, and to no other Company.
(h) To never attempt to induce representatives of the Company to end their relationship with the Company, or to breach their contract with the Company.
(i) To never attempt to induce policyholders with the Company to terminate their policies.
(j) To take no action or make any statement that is injurious or harmful to the Company, its business, or its reputation.

**LIMITATION OF AUTHORITY**
The State General Agent does not have the authority to:

(a) Obligate the Company except by the terms of the insurance application.
(b) Alter the terms of any policy or contract of the Company.
(c) Use advertising or printed matter other than that provided or approved by the Company.
(d) Collect premium other than in the name of the Company.

**ADVANCES, SECURITY INTEREST, REMEDIES**
The Company is granted a security interest in all commissions earned and any proceeds thereof to secure amounts advanced and to secure all other obligations to the Company. The Company may set-off any amount due the State General Agent. The Company's right of recoupment shall enable the Company to apply any future commissions earned against the account balance until paid in full, regardless of whether this Agreement has been terminated.

**TERMINATION**

Either party may terminate this contract for non-performance of any material element, or if the other party violates any applicable law, insurance code, or regulation. Either party may terminate this contract without cause by giving 30 days notice. Notice of termination is effective if mailed to the last known address of the other party.

For 6 months after termination, the State General Agent will not solicit or accept the services of any Agent or other representative of the Company, whether for the State General Agent or for any other insurance company. Without time limitation, the State General Agent will never induce representatives of the Company to violate the terms or conditions of their contract with the Company.

For 1 year after termination, the State General Agent will not engage in the life or health insurance business in any territory possessed by the State General Agent during the year proceeding termination, utilizing the union or credit union sales procedures of the Company. The prohibited procedures include:

(a) Contacting or receiving the approval of union or credit union for the solicitation of their members for the sale of insurance.
(b) Mailing to union or credit union members inviting inquiry for the purpose of soliciting such member for the sale of insurance.
(c) Placing group insurance with union or credit unions for the purpose of soliciting the members for the sale of insurance.

After termination, the State General Agent will never use policyholder records, union or credit union membership records, or other business records concerning the business of the Company, no matter how or when obtained, for the purpose of soliciting the sale of insurance by the State General Agent or by others. All such records will be returned to the Company.

AGENCY   JAN 06 2000

EXHIBIT 2-A

After termination, the State General Agent will never, directly or indirectly, attempt to induce policyholders with the Company to terminate their policies or in any other way to injure the business or reputation of the Company.

State General Agent agrees the money damages for the breach of these termination covenants are difficult to ascertain, would not adequately compensate the Company, and that the Company has no adequate remedy as law. State General Agent agrees the Company is entitled, in addition to other remedies, to injunctive relief for the violation of these covenants.

## COMMISSIONS

Commissions are determined by the schedule in effect at the time the insurance is issued. Commissions will be paid on premiums received by the Company on business produced by the State General Agent, or any agents assigned to him by the Company, less any premiums returned to the insured for any reason. There are no commissions on preliminary term insurance, premiums that are waived, or extra premiums for mortality in excess of standard. Commissions earned after terminations shall be credited to the State General Agent if:

(a) The termination of the State General Agent was not for cause;
(b) There has been no breach of this contract by the State General Agent; and
(c) Commissions earned after termination shall be applied to pay any amount due the Company, except that one half of such commissions may be paid as
earned to a State General Agent who has five years of continuous service as a State General Agent. Such commissions are payable only for a month in
which each of the following conditions are met;
  1. The State General Agent is retired and is not involved in the insurance business
  2. The only amount owed the Company is the State General Agent's balance and the balances of accounts for which the State General Agent is responsible.
  3. The State General Agent has a formula value according to the Company's 10 and 36 test of less than 100.
  4. There has been no breach of this contract by the State General Agent.
  5. The remaining one half of the earned commission retained will be sufficient to pay the balance in full (including interest, charges and reversions of accounts for which the State General Agent is responsible) in less than five years from the date of termination. After the death of the State General Agent any commissions payable shall be paid to the estate of the State General Agent.
(d) At the option of the Company, payment of commissions will be held in abeyance for 180 days after contract to determine the existence of any sums due the Company which are to be set-off against commissions.

## DEPORTMENT

Should the State General Agent at any time, either before or after termination of this Contract, wrongfully withhold any funds belonging to any applicant for insurance, a policyholder, or the Company, or should the State General Agent induce any policyholder to lapse, relinquish, or surrender a policy with the company; then the State General Agent shall immediately forfeit his rights to receive any commissions or any other compensation due or to become due, whether vested or otherwise, under this Contract or any other agreement with the Company.

## DECISIONS SOLELY OF THE COMPANY

The Company may, without becoming liable to the State General Agent in any way:

(a) Cease to do business in any territory or place;
(b) Withdraw any policy form in any place but continue to offer it elsewhere;
(c) Reject any application for insurance;
(d) Cancel any policy;
(e) Refund any premium, in which case the State General Agent will repay any commission previously credited with respect to such premium;
(f) Reinstate any policy without liability for further commission on such policy unless the reinstatement is accomplished by the State General Agent.

## NO WAIVER

No provision of this contract shall be waived, nor any rule or procedure of the Company become inapplicable, just because the Company has failed to enforce it before.

## RELATIONSHIP

The State General Agent is not an employee of the Company. The State General Agent has no fixed hours and is free to choose the time and manner in which services are performed. The State General Agent shall not represent or imply that the State General Agent is an employee or officer of the Company, or a person having general authority to transact business for the Company. The State General Agent will not be treated as an employee with respect to services performed under this contract for federal and state tax purposes.

## NONASSIGNABLE

No benefit or right under this contract may be assigned without the consent of the Company.

JAN 06 2000

## REQUIREMENT OF WRITING

All agreements between the Company and the State General Agent must be in writing. No promise or understanding shall be enforceable unless made in writing. The undersigned hereby adopts and becomes party to the collective bargaining agreement with O.P.E.I.U. Local 277.

Signed this **1ST** day of **JANUARY** 2000.

_____
STATE GENERAL AGENT

_____
AMERICAN INCOME LIFE INSURANCE COMPANY

```
SMITH SCOTT A (SGA-MGA)           SCOTT A SMITH
87414        SMEA                 86297         SMAA

                                                          SLM
                    CEP


    SMITH SCOTT A (SGA/RGA)
    85954        SS&A
                              CEP


SMITH SCOTT A (SGA-RGA)
87419        SMGA

                    CEP
```

CEP

SMITH SCOTT A (SGA-RGA)
SS1A
87399

/AGENCY    JAN 05 2000

Received: 05.Apr.01 02:35 PM From: 6308104121 To: 8019126885    Get faxes by email. Free. eFax.com    Page: 1 of 3
1:04-cv-01140-JBM-JAG    # 63-3    Page 7 of 9
04/05/2001  14:20  6308104121                 AMERICAN INCOME                PAGE 01

## AMERICAN INCOME LIFE INSURANCE COMPANY
*P.O. Box 2608 Waco, TX 76797*

### GENERAL AGENT CONTRACT

*Brennan*

**OBLIGATIONS OF GENERAL AGENT**
The General Agent agrees:
(a). To obtain, supervise, train and assist Agents.
(b). To be responsible for the acts and obligations of Agents coded to the General Agent, including:
  1) All money collected by Agents,
  2) All money advanced to Agents by the Company, (except that 57 1/2% General Agents and Regional General Agents shall not be responsible for advances to agents) and 3) All liability of Agents to the Company.
(c) To use all business records, policyholder records, and records of leads, prospects or memberships of organizations, only for the business purposes of the Company; to hold such records in confidence; to recognize that such records are the property of the Company whether paid for or created by the efforts of the Company, the Agency, the General Agent, an Agent or any other person; and to surrender such records to the Company upon request without retaining copies.
(d) To submit all applications for insurance promptly to the Company, and to no other Company.
(e) To never attempt to induce representatives of the Company to end their relationship with the Company, or to breach their contract with the Company.
(f) To never attempt to induce policyholders with the Company to terminate their policies.
(g) To repay the company upon demand all sums owing on the account of the General Agent, including sums charged to such account pursuant to the responsibility of the General Agent for the obligations of representatives coded to such General Agent.
(h) To take no action or make any statement that is injurious or harmful to the Company, its business, or its reputation.
(i) During the term of your contract with the Company, you shall not be licensed with or maintain a contract or appointment with any insurance company other than a Torchmark Company.

**LIMITATION OF AUTHORITY**
The General Agent does not have authority to:
(a) Obligate the Company except by the terms of the insurance application.
(b) Alter the terms of any policy or contract of the Company.
(c) Collect Premium other than in the name of the Company.
(d) Use Advertising or printed matter other than that provided or approved by the Company.

**EXPENSES, ADVANCES, BALANCES**
The Company may make advances or allow charges be made on the General Agent's account against commissions to be earned. Such advances or charges shall be added to the account balance of the General Agent. The General Agent shall be responsible for the payment in full of such balance, whether or not it appears that future commissions will be sufficient to pay such balance, irrespective of whether demand for payment has been made.

General Agent shall be responsible for all expenses incurred in the production of insurance for the Company. General Agent shall at his own expense furnish his own means of transportation, office or place of business, advertisements, form letters, letterheads, circulars, and any other relevant expenses incurred in the solicitation of insurance for the Company.

General Agent shall be responsible to Company for all loss or damage arising from business done by and entrusted to him and shall indemnify and hold Company harmless from any and all expenses, costs, causes of action, loss or damages resulting from fraudulent or unauthorized acts or omissions of General Agent. Any persons retained by the General and any agent(s) under contract with Company and assigned to him.

**ADVANCES, SECURITY INTEREST, REMEDIES**
The Company is granted a security interest in all commissions earned and any proceeds thereof to secure amounts advanced and to secure all other obligations to the Company. The Company may set-off any amounts due the General Agent. The Company's right of recoupment shall enable the Company to apply any future commissions earned against the account balance until paid in full, regardless of whether this Agreement has been terminated.

**COMMISSIONS**
Commissions are determined by the schedule in effect at the time the insurance is issued. There are no commissions on premiums that are waived, or on extra premiums for hazards or physical conditions. Commissions will be paid on premiums received by the company on business produced by the General Agent or any agents assigned to him by the company, less any premiums returned to the insured for any reason. Commissions earned after termination will be credited to the General Agent if:

**EXHIBIT 2-B**

Received: 05-Apr-01 02:36 PM From: 6308104121 To: 8019126885 Get faxes by email. Free. eFax.com Page: 2 of 3
1:04-cv-01140-JBM-JAG     # 63-3     Page 8 of 9
04/05/2001  14:20   6308104121              AMERICAN INCOME              PAGE  02

(a) The General Agent has represented the Company in such capacity for one year; and
(b) The termination of the General Agent was not for cause; and
(c) There has been no breach of this contract by the General Agent.
(d) At the option of the Company, payment of commissions will be held in abeyance for 180 days after contract to determine the existence of any sums due the Company which are to be set-off against commissions.

**TERMINATION**
Either party may terminate this contract for non-performance of any material element, or if the other party violates any applicable law, insurance code, or regulation. Either party may terminate this contract without cause by giving 30 days notice. Notice of termination is effective if mailed to the last known address of the other party.

After termination the General Agent will never use policyholder records, union or credit union membership records, or other business records concerning the business of the Company, including, but not limited to, lead return cards, policyholder lists, computer disks or other storage media, no matter how or when obtained, and whether prepared by the Company, the Agency, the General Agent, or any other person, for the purpose of soliciting the sale or replacement of insurance by the General Agent or by others. All such records will be returned to the Company, without retaining copies.

After termination, the General Agent will never, directly or indirectly, attempt to induce policyholders with the Company to terminate their policies or in any other way to injure the business or reputation of the Company.

**DEPORTMENT**
Should the General Agent at any time, either before or after termination of his contract, wrongfully withhold any funds belonging to any applicant for insurance, a policyholder, or the Company; or should the General Agent induce any policyholder to lapse, relinquish, or surrender a policy with the company; then the General Agent shall immediately forfeit his right to receive any commissions or any other compensation due or to become due, whether vested or otherwise, under this Contract or any other agreement with the Company.

**RELATIONSHIP**
The General Agent is not an employee of the Company. The General Agent has no fixed hours and is free to choose the time and manner in which services are performed. The General Agent shall not represent or imply that the General Agent is an employee or officer of the Company, or a person having general authority to transact business for the Company. The General Agent will not be treated as an employee with respect to services performed under this contract for federal and state tax purposes.

**REQUIREMENT OF WRITING**
All agreements must be in writing. No promise or understanding shall be enforceable unless made in writing.

This contract is signed and is effective ____4/1_____ 200_

(General Agent) _____TM Brennan_____

(Agency) _____AIL Chicago_____

By _____

By _____       ANY

TERRANCE M BRENNAN
87512         SSEA

CEP

Received: 05 Apr 01 02:35 PM From: 6308104121 To: 8019126885  Get faxes by email. Free. eFax.com  Page: 3 of 3
1:04-cv-01140-JBM-JAG    # 63-3    Page 9 of 9
04/05/2001  14:20   6308104121              AMERICAN INCOME           PAGE  03

**HIERARCHY INSTRUCTIONS** (please print)

| Level | Contract Percent | Name |
|---|---|---|
| | 100 | SCOTT SMITH |
| | 70 | EDDY BRENNAN |
| | | |
| | | |
| | | |
| General Agent: | | |

**COMMISSION SCHEDULE INSTRUCTIONS**

| 70 % | 65 % | 62.5 % |
|---|---|---|
| 57.5 % | Regional General Agent (5% P.I. over MGA) | |

AG-2022 (R100) GA