E-FILED
Tuesday, 26 July, 2005  04:18:22 PM
Clerk, U.S. District Court, ILCD

**BURROUGHS, HEPLER, BROOM, MacDONALD, HEBRANK & TRUE, LLP**
*ATTORNEYS AT LAW*

CASSANDRA J. HANSELL
*Licensed in Illinois and Missouri*
*Direct Dial: 618-307-1132*
*Fax: 618-656-1801*
*E-Mail: cjh@ilmolaw.com*
*www.ilmolaw.com*

103 W. VANDALIA STREET, SUITE 300
P.O. BOX 510
EDWARDSVILLE, ILLINOIS 62025
618-656-0184

1010 MARKET STREET, SUITE 500
ST. LOUIS, MISSOURI 63101
314-355-6160

**REPLY TO EDWARDSVILLE OFFICE**

July 26, 2005

John M. Waters, Clerk of the Court
United States District Court for the Central District of Illinois
309 Federal Building
100 NE Monroe Street
Peoria, IL 61602

Attn: Honorable Judge Joe Billy McDade

    Re:    *Barbara Kendell v. American Income Life of Chicago and American Income Life Insurance Co.*
            Case #04-1140
            Our File #1756.43935

Dear Judge McDade:

    The purpose of this letter is not to request reconsideration of this Court's July 21, 2005 Order granting Plaintiff an extension, but to address the inaccurate statements contained in Plaintiff's letter requesting an extension ("Motion") (Doc. 66) and to clarify that Defendant has acted in good faith when dealing with this *pro se* Plaintiff. Plaintiff's inaccuracies are addressed in the order alleged in her Motion.

    First, Plaintiff claims that Defendant American Income Life Insurance Co. ("Defendant") filed its dispositive motions to put "more stress" on her because she was at home on bed rest. This simply is untrue. Pursuant to the Scheduling Order, discovery closed on June 8, 2005 and dispositive motions were due on July 8, 2005. Defendant filed its dispositive motions in compliance with the Scheduling Order -- not because it learned that Plaintiff was at home on bed rest.

    Second, Plaintiff baldly asserts that Defendant's counsel knew that she had "difficulty breathing" and "tiring out." Again, this statement simply is untrue. Until Defendant received Plaintiff's Motion, it had no knowledge of her recent alleged breathing and tiring problems.

    Third, Plaintiff failed to accurately describe the conversation that she had with defense counsel's paralegal, Robin Lynn. Plaintiff incorrectly states in her Motion that she told Ms. Lynn that she would let us "know when [she] could resume working on this case." Plaintiff made no such statement. Rather, on July 5th, Ms. Lynn called Plaintiff to discuss the status of

July 26, 2005
Page 2

outstanding discovery that Plaintiff repeatedly has promised to provide and still owes to Defendant. Plaintiff told Ms. Lynn that she had been diagnosed with chronic bronchitis and had an appointment with her physician. Plaintiff stated that she "can't think about outstanding discovery right now."

In sum, Plaintiff has improperly suggested to this Court that Defendant somehow has acted in bad faith and/or has ignored her needs when, in fact, Defendant repeatedly has accommodated Plaintiff, allowing her countless extensions.

Throughout the course of discovery, Plaintiff has used a variety of alleged medical conditions, work issues and other vague conflicts as a basis for failing to comply with Defendant's written discovery and/or other related deadlines. In fact, Defendant patiently has allowed her additional time to serve initial written discovery on Defendant and to respond to its written discovery requests, Requests to Admit and Third Request for Production of Documents.

To date, Plaintiff still owes Defendant supplemental responses to written discovery requests, supplemental document production, her Rule 26 calculation of damages and responses to Defendant's Third Request for Production of Documents, all of which are long overdue.

Each and every time that Plaintiff has contacted Defendant's counsel and requested an extension, more time generously was given to her – only for her to repeatedly fail to meet the agreed-upon deadlines.

At this time, Defendant does not seek an order to compel Plaintiff's compliance. Rather, defense counsel merely wishes to clarify Plaintiff's inaccurate statements to this Court.

With kind regards,

Cassandra J. Hansell

CJH/rel
cc: Ms. Barbara J. Kendell