**E-FILED**
Friday, 07 October, 2005  02:11:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BARBARA J. KENDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  04-1140 |
| | ) | |
| AMERICAN INCOME LIFE OF | ) | |
| CHICAGO and AMERICAN INCOME | ) | |
| LIFE INSURANCE CO., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT AMERICAN INCOME LIFE INSURANCE CO.'S REPLY**

Defendant American Income Life Insurance Co. ("Defendant"), by its

undersigned attorneys, and pursuant to Federal Rules of Civil Procedure 56 and CDIL-

LR 7.1(D)(3), submits the following Reply to Plaintiff's Response to Defendant's Motion

for Summary Judgment:

## I.    REPLY TO ADDITIONAL MATERIAL FACTS.

Plaintiff's Response fails to comply with CDIL-LR 7.1(D)(2).  Plaintiff's fact

section, titled "Undisputed Material Facts," does not contain facts from Defendant's

Motion for Summary Judgment that are conceded to be undisputed and material, as

required by local rule.[1]  Rather, these alleged facts appear to be what Plaintiff considers

"Additional Material Facts," even though not designated as such.  And, the majority, if

not all, of the facts alleged are <u>not</u> undisputed.  This Defendant does not admit or concede

to Plaintiff's alleged facts unless otherwise stated.

---

[1] *CDIL-LR 7.1(D)(2)(b)(1).*

For purposes of this Reply and to assist the Court, Defendant will treat Plaintiff's alleged facts as though they were designated as "Additional Material Facts" (even though Defendant disputes that these alleged facts are "material").

**A.    Plaintiff's first paragraph of alleged facts is immaterial.**

Plaintiff's first paragraph of alleged facts, addressing whether this Defendant discriminated against Plaintiff and/or terminated her Agent Contract on the basis of gender, age or disability, is **immaterial**,[2] with the exception that Defendant concedes to be material and undisputed the allegation that on May 31, 2001, Plaintiff was informed that her Agent Contract was terminated by Terry Brennan.

The facts alleged, and Plaintiff's supporting evidence, do not pertain to or otherwise relate to alleged discrimination or alleged illegal contract termination by this Defendant. All of the facts asserted, and supporting evidence, center on alleged acts or misconduct by Terry Brennan while Plaintiff worked as an insurance agent in Scott Smith's Peoria office, which are immaterial.

It is clear from Plaintiff's deposition that she does not dispute that Brennan was an independent contractor, and not an employee, of this Defendant.[3] Plaintiff does not allege, or submit any evidence in her Response, to modify her prior testimony or to show that Brennan was not an independent contractor of this Defendant, therefore, any alleged acts or misconduct by a non-employee of this Defendant is immaterial to whether this Defendant engaged in alleged discrimination.[4]

---

[2] *CDIL-LR 7.1(D)(3)(a)(3).*
[3] *Ex. 3, pp. 230-232, Ex. 1, p. 21 and Ex. 2, pp. 1-2, attached to Motion for Summary Judgment (Doc. 63).*
[4] *Motion for Summary Judgment, pp. 11-12 (Doc. 63).*

Further, Scott Smith is not a party to this lawsuit and Plaintiff does not dispute

that he too was an independent contractor, and not an employee, of this Defendant.[5]

And, the facts alleged, including Plaintiff's supporting documents, provide no evidence to

the contrary.

Liability against Smith for Brennan's alleged acts or misconduct, and the contract

language pertaining to Smith's responsibility for the "acts and obligations of Agents and

General Agents," also are immaterial to whether this Defendant engaged in alleged

discrimination or illegal conduct.[6]

In addition, the majority of Plaintiff's alleged facts are not supported by citations

to evidence, as required by local rule, and several alleged facts, including facts contained

within Plaintiff's supporting documents, constitute inadmissible hearsay[7] and, therefore,

should be considered immaterial for purposes of summary judgment.

**B.      Plaintiff's second paragraph contains alleged facts that are
         immaterial and alleged facts that are material but disputed.**

Plaintiff's second paragraph of alleged facts, addressing whether Plaintiff was an

employee of this Defendant, contains alleged facts that are **immaterial** and alleged facts

that are **material but disputed**,[8] with the exception that Defendant concedes to be

material and undisputed the allegation that in or around September of 1998, Brennan

contracted Plaintiff to be an independent contractor at the Scott Smith Agency .

**1.      Immaterial Facts.**

Plaintiff's second paragraph contains four separate points of alleged fact:  (1)

Plaintiff had to work when Brennan told her to work; (2) Brennan supplied office

---

[5] *Ex. 3, pp. 230-232, Ex. 1, p. 21 and Ex. 2, pp. 1-2, attached to Motion for Summary Judgment (Doc. 63).*
[6] *Motion for Summary Judgment, pp. 11-12 (Doc. 63).*
[7] *F.R.E. 801(c) and 802.*

equipment and, according to Brennan, this Defendant paid for it, along with rent, and this Defendant supplied sales materials; (3) the I.D.E.S. determined that Plaintiff was an employee; and (4) the E.E.O.C. Determination Letter states the claims Plaintiff could bring against this Defendant and listed this Defendant as a Respondent.

The first, third and fourth points are **immaterial**. Regarding Plaintiff's first point and supporting evidence, Brennan's alleged acts or misconduct are immaterial because it is undisputed that he was not an employee of this Defendant. As such, what he said, and did or did not do, is immaterial to the Court's determination of whether this Defendant exerted control over Plaintiff for purposes of determining whether she was an employee or independent contractor. Further, Brennan's alleged statements constitute inadmissible hearsay[9] and, therefore, should be considered immaterial for purposes of summary judgment.

The third point also is immaterial because I.D.E.S. findings are inadmissible hearsay and Plaintiff may not rely on this decision to create a genuine issue of material fact as to whether she was an employee or independent contractor.[10] Although immaterial, Plaintiff's allegation that she filed for unemployment as an employee of this Defendant is untrue. Plaintiff did not file against this Defendant and never alleged that this Defendant was her employer.[11]

Plaintiff, moreover, not only contradicts her prior testimony, she misleads this Court by asserting that the I.D.E.S. found in her favor.[12] Contrary to Plaintiff's assertion,

---

[8] *CDIL-LR 7.1(D)(3)(a)(2) and (3).*
[9] *F.R.E. 801(c) and 802.*
[10] *Wittenberg v. Wheels, Inc.*, 963 F.Supp. 654, 660 (N.D. Ill. 1997); *Rekhi v. Wildwood Indus., Inc.*, 816 F.Supp. 1312 (C.D. Ill. 1993), 820 ILCS 405/1900 *(I.D.E.S. decisions are not admissible and cannot be used as evidence in any other action; nor shall they constitute res judicata).*
[11] *Ex. 9, p .6, Nos. 27-28; Ex. 3, pp. 293-294, attached to Motion for Summary Judgment (Doc. 63).*
[12] *Excerpts of Plaintiff's deposition are attached as Ex.1, see pp. 428-430.*

the I.D.E.S. ultimately found that Plaintiff was an independent contractor and not an employee; therefore, the facts alleged by Plaintiff are immaterial.[13]

The fourth point similarly is immaterial to the determination of whether Plaintiff was an employee of this Defendant. Defendant previously addressed the relevancy and exclusion of such evidence in its Motion to Strike, which this Court said it would reconsider after the close of evidence.[14]

Section 2000e-5(b), moreover, provides that even when the Commission determines that there is reasonable cause to believe that the charge is true, "nothing said or done during and as a part of such informal endeavors may be . . . used as evidence in a subsequent proceeding . . . ."[15]

As such, this type of evidence is immaterial to this Court's determination of whether Plaintiff was an employee for purposes of Title VII, ADEA and ADA.

### 2.    Material But Disputed Facts.

Regarding Plaintiff's second point of alleged fact, it is material, to the extent that the Court considers who supplies office equipment and supplies when determining whether an individual is an employee or independent contractor, but is disputed.[16]

Plaintiff's own testimony shows that she has no knowledge or evidence regarding who pays for the office or office equipment and supplies.[17] Further, Plaintiff's basis for

---

[13] *I.D.E.S. Board of Review Decision*, reversing the December 5, 2001 finding that Plaintiff was an employee, is attached as Ex. 2 (this document is attached merely to dispute Plaintiff's misleading and false statement of alleged fact and is not attached for evidentiary purposes to show that she was an independent contractor).

[14] *Motion to Strike, Brom v. Bozwell*, 867 F. Supp. 686, 692 (N.D. Ill. 1994), citing *Tulloss v. Near North Montessori School*, 776 F.2d 150, 154 (7th Cir. 1985) and *Court Order* (Docs. 11, 12 and 19).

[15] *42 U.S.C. § 2000e-5(b).*

[16] *CDIL-LR 7.1(D)(3)(a)(2).*

[17] *Ex. 3, pp. 203-205 and 220-221; see also Ex. 1, pp. 3-4, attached to Motion for Summary Judgment (Doc. 63).*

the allegation that this Defendant "paid for all of this" is "according to Terry," which is inadmissible hearsay.[18]

**C.    Plaintiff's third paragraph of alleged facts also is immaterial.**

Plaintiff's third paragraph of alleged facts, addressing waiver of claims against this Defendant due to her failure to name it as her employer and/or as a Respondent on her E.E.O.C. Charge of Discrimination, contains alleged facts that also are **immaterial**.[19]

What the E.E.O.C. told Plaintiff or what it did or did not do during its administrative investigation is immaterial to whether Plaintiff filed a Charge against this Defendant and whether this Defendant received notice of a pending Charge against it. Further, the facts alleged are not supported by citations to evidence and constitute inadmissible hearsay.[20]

**D.    Plaintiff's fourth paragraph of alleged facts is both material but disputed and immaterial.**

Plaintiff's fourth paragraph of alleged facts, addressing whether Plaintiff filed her E.E.O.C. Charge of Discrimination within the 300-day limitation period, contains alleged facts that are **material but disputed** and facts that are **immaterial**.[21]

**1.    Material But Disputed.**

Regarding the date of termination, it is material, to the extent the limitations period is calculated for the 300-day period, however, Plaintiff's alleged facts are disputed. Not only is Plaintiff's knowledge of the May 31, 2001 termination date supported by her E.E.O.C. Charge of Discrimination, which specifically states that "[o]n May 31, 2001, I was wrongfully discharged," Plaintiff testified that her last day worked

---

[18] *F.R.E. 801(c) and 802.*
[19] *CDIL-LR 7.1(D)(3)(a)(3).*
[20] *F.R.E. 801(c) and 802.*

was May 31, 2001.[22]    The official date of termination, July 31, 2001, is immaterial for purposes of calculating the 300-day period.[23]  As such, Plaintiff's unsupported, self-serving assertions regarding when she was terminated and when she worked are disputed and contradict her prior deposition testimony.

### 2.    Immaterial.

The remaining alleged facts contained in paragraph four of Plaintiff's Response are immaterial and do not pertain to or otherwise relate to whether Plaintiff filed her Charge of Discrimination within the 300-day limitation period.  Again here, not only are these alleged facts immaterial, the majority of them are not supported by citations to evidence, as required by local rule, and constitute inadmissible hearsay.[24]

## II.    ARGUMENT.

### A.    Plaintiff has not shown that this Defendant discriminated against her or terminated her Agent Contract on the basis of gender, age or disability, therefore, summary judgment is proper.

Plaintiff's Response does not present any evidence to oppose Defendant's arguments that:  (1) this Defendant did not discriminate against her; and (2) her contract termination by this Defendant was based upon a legitimate, non-discriminatory reason.

In particular, Plaintiff does not dispute her prior deposition testimony that "nobody from [this Defendant] had actually physically, verbally or by letter assaulted [her] with discrimination . . ."[25] or that, in her opinion, the basis for termination of her Agent Contract was so that this Defendant did not have to pay her renewals.[26]

---

[21] *CDIL-LR 7.1(D)(3)(a)(2) and (3).*
[22] *Ex. 3, pp. 267 and 270, and Ex. 8, attached to Motion for Summary Judgment (Doc. 63).*
[23] *Motion to Dismiss (Docs. 9 and 10).*
[24] *F.R.E. 801(c) and 802.*
[25] *Motion for Summary Judgment, p. 4, para. 14 and 15, and p. 12 (Doc. 63).*
[26] *Motion for Summary Judgment, p. 4, para. 16, and p. 12 (Doc. 63).*

Rather, Plaintiff disregards these facts and attempts to show that Terry Brennan discriminated against her. Plaintiff, however, does not present any evidence to dispute that Brennan was a non-employee, independent contractor of this Defendant.

Plaintiff also suggests, that pursuant to Scott Smith's contract with this Defendant, Smith is responsible for Brennan's alleged acts or misconduct, but presents no evidence to dispute her prior testimony that he too is a non-employee, independent contractor, of this Defendant.[27]

Plaintiff in no way suggests or alleges that this Defendant discriminated against her, violated Title VII, ADA or ADEA, or is responsible for Brennan's alleged acts or misconduct. As such, Plaintiff has not created a genuine issue of material fact and summary judgment, in favor of this Defendant, is appropriate.

**B.    Alternatively, Plaintiff has not shown that she was an employee of this Defendant, therefore, she cannot maintain Title VII, ADEA and/or ADA claims against it and summary judgment is proper.**

Plaintiff fails to show that she was an employee of this Defendant.[28] Plaintiff does not present any evidence to dispute three of the five factors that favor a determination that she was an independent contractor.[29]

Regarding the first factor, concerning Defendant's control or supervision, Plaintiff previously testified that this Defendant had no control or supervision over the work she performed,[30] but asserts that Brennan told her when she had to work. This alleged fact, however, is immaterial because she presents no facts or evidence to show that Brennan

---

[27] *Ex. 3, pp. 230-232, attached to Motion for Summary Judgment (Doc. 63).*
[28] *Ost v. West Suburban Travelers Limousine, Inc.*, 88 F.3d 435, 438 (7th Cir. 1996) *(the plaintiff has the burden of proof on whether she is an employee and not an independent contractor)*; see also *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 380 (7th Cir. 1991) (citations omitted) *(the plaintiff must prove the existence of an employment relationship in order to maintain a Title VII action).*
[29] *Motion for Summary Judgment, pp. 12-19 (Doc. 63).*
[30] *Ex. 3, p. 182, attached to Motion for Summary Judgment (Doc. 63).*

was an employee of this Defendant. She also fails to present any evidence to show that this Defendant told her when she had to work or that it had any type of control or supervision over her. As such, it is undisputed that this Defendant exerted no control or supervision over Plaintiff and the first factor, which is the most significant, favors a finding that Plaintiff was an independent contractor.

Regarding the third factor concerning costs of operation, Plaintiff does not present any evidence to dispute that she was responsible for payment of fees, licenses and maintenance of operations, including costs of secretarial services to set appointments, transportation to and from a client's home, long distance calls, etc.[31] Plaintiff, however, attempts to create an issue of fact with her own sworn statement that, according to Brennan, this Defendant paid for the office equipment, rent and supplied all of the printed sales materials.

This statement, however, conflicts with Plaintiff's own prior deposition testimony that she does not know who pays for the office or office equipment and supplies.[32] And, when prior deposition testimony and an affidavit conflict, the affidavit testimony is to be disregarded.[33] This statement also is improper because it is self-serving, unsupported by citations to evidence and constitutes inadmissible hearsay.[34]

As such, Plaintiff's statement is insufficient to dispute facts contained in Defendant's Affidavit of Debbie Gamble that show that: (1) "[Plaintiff], at her own expense, was responsible for furnishing her own . . . office or place of business, . . . form

---

[31] *Motion for Summary Judgment, pp. 6-8 and 15-16 (Doc. 63).*
[32] *Ex. 3, pp. 203-205 and 220-221; see also Ex. 1, pp. 3-4, attached to Motion for Summary Judgment (Doc. 63).*
[33] *Aberman v. J. Abouchar & Sons, Inc.*, 160 F.3d 1148, 1150-1151 (7th Cir. 1998) *(when prior deposition testimony and an affidavit conflict, the affidavit is to be disregarded).*
[34] *F.R.E. 801(c) and 802.*

letters, letterheads, circulars and all other incidentals incurred in the solicitation of insurance . . . ;" (2) "[this Defendant] did not supply [Plaintiff] with office supplies . . . and did not pay for her use of such items;" and (3) "[this Defendant] did not supply office equipment, such as fax machines, computers or telephones . . . and it did not pay for her use of such items."[35]  In sum, Plaintiff fails to present sufficient evidence to dispute that the third factor also favors a finding that Plaintiff was an independent contractor.

Plaintiff's remaining allegations hinge upon I.D.E.S. and E.E.O.C. administrative proceedings and determinations, which are inadmissible and irrelevant.[36]  Plaintiff, moreover, not only contradicts her prior deposition testimony, she misleads this Court by asserting that the I.D.E.S. found in her favor.[37]  Contrary to Plaintiff's assertion, the I.D.E.S. ultimately found that Plaintiff was an independent contractor.[38]

Based upon the foregoing, all five factors weigh in favor of finding that Plaintiff was an independent contractor and, as such, summary judgment in favor of this Defendant is proper.

> **C.**    **Summary judgment is proper because Plaintiff does not present any evidence to dispute that she waived all claims against this Defendant because it was not named as a Respondent to her E.E.O.C. Charge of Discrimination.**

---

[35] *Motion for Summary Judgment, pp. 15-16 and Ex. 1, p. 3, para. 18, 2 and, 25 and p. 4, para. 26 (Doc. 63).*
[36] *Wittenberg*, 963 F.Supp. at 660; *Rekhi.*, 816  F.Supp. 1312 ; 820 ILCS 405/1900 *(I.D.E.S. decisions are not admissible and cannot be used as evidence in any other action; nor shall they constitute res judicata); 42 U.S.C. § 2000e-5(b) (nothing said or done during E.E.O.C. proceedings may be used as evidence in a subsequent proceeding); see Motion to Strike, Brom v. Bozwell*, 867 F. Supp. 686, 692 (N.D. Ill. 1994), citing *Tulloss v. Near North Montessori School*, 776 F.2d 150, 154 (7th Cir. 1985) *(Docs. 11 and 12).*
[37] *Ex. 1, pp. 428-430.*
[38] *Ex. 2 (this document is attached merely to dispute Plaintiff's misleading and false statement of alleged fact and is not attached for evidentiary purposes to show that she was an independent contractor).*

1:04-cv-01140-JBM-JAG    # 72    Page 11 of 13

Plaintiff's Response does not present any evidence to oppose Defendant's arguments regarding waiver of her claims against it. Rather, Plaintiff merely explains why she failed to name this Defendant as a Respondent to her Charge.[39]

Regardless of Plaintiff's explanation, the undisputed facts remain that Plaintiff did not name this Defendant as a Respondent, never amended her Charge and never signed a new Charge to include this Defendant as a Respondent, which is supported by her own prior testimony.[40]

Because this Defendant was not named as a Respondent and did not receive notice from the E.E.O.C. until a final determination was issued, it did not receive requisite notice of Plaintiff's administrative claims against it.[41] As such, Plaintiff waived any and all claims against this Defendant and summary judgment is proper.

D.    **Plaintiff did not file a Charge against this Defendant within 300 days of the alleged unlawful employment practice committed by Defendant American Income Life of Chicago ("Smith Agency"); therefore, summary judgment is proper.**

Plaintiff does not present any evidence to dispute that she was well aware of her May 31, 2001 termination when Brennan unequivocally informed her that she was "fired." Not only is Plaintiff's knowledge of this termination date supported by her Charge, which specifically states that "[o]n May 31, 2001, I was wrongfully discharged," she testified during her deposition that her last day worked was May 31, 2001.[42]

---

[39] *Notably, what the E.E.O.C. told Plaintiff, or did or did not do, during its administrative proceedings is inadmissible hearsay and should not be considered by this Court for purposes of summary judgment.*
[40] *Motion for Summary Judgment, pp. 11, para. 69-73 and pp. 21-22; see also Motion to Dismiss (Docs. 63, 9 and 10).*
[41] *Motion to Dismiss (Docs. 9 and 10).*
[42] *Motion for Summary Judgment, p. 11, para. 71-73, and p. 22 (Doc. 63).*

11

Plaintiff's Response focuses on her official termination date of July 31, 2001, which is immaterial for limitations purposes.[43]   Plaintiff disputes her last day worked by providing unsupported, self-serving statements.  Plaintiff, however, is bound by her deposition testimony and cannot contradict it by way of a subsequent affidavit.[44]

The remaining allegations, including alleged conversations with Bob Olson and the filing of a union grievance, are not supported by citations to evidence, as required by local rule, and are irrelevant to whether she was aware of her contract termination date.

Because Plaintiff cannot show that she filed a Charge against this Defendant within 300 days of the alleged unlawful employment practice, summary judgment should be granted in favor of this Defendant and against Plaintiff.

WHEREFORE, Defendant American Income Life Insurance Co. respectfully requests this Court to enter an Order granting summary judgment in its favor and against Plaintiff, dismissing with prejudice all counts against it, together with such other relief this Court deems just and reasonable under the circumstances.

DATED: October 7, 2005.                           Respectfully submitted,

*/s/ Cassandra J. Hansell*
Cassandra J. Hansell, #06271228
BURROUGHS, HEPLER, BROOM
MacDONALD, HEBRANK &
TRUE, LLP
Two Mark Twain Plaza, Suite 300
Edwardsville, Illinois 62025-0510
Phone: (618) 656-0184
Fax: (618) 656-1364
Email: cjh@ilmolaw.com

*Attorneys for American Income
Life Insurance Co.*

---

[43] *Motion to Dismiss (Docs. 9 and 10).*
[44] *Aberman.*, 160 F.3d at 1150-1151.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent to the following counsel/parties of record via First Class U.S. Mail, postage prepaid, this 7th day of October, 2005:

Barbara J. Kendell
504 W. High St.
Peoria, IL  61606

*/s/ Cassandra J. Hansell*