*Hope Glasgow - Supervisor - looking into it will end of week*

*< 120 days?*

## STATE OF ILLINOIS
### DEPARTMENT OF EMPLOYMENT SECURITY
### BOARD OF REVIEW

| | |
|---|---|
| **BOARD DOCKET NO.** 01-12481 | **LOCAL OFFICE:** 033 |
| **CLAIMANT: RESPONDENT** | **EMPLOYER: APPELLANT** |
| Barbara Kendall<br>504 High Street  Upper Level<br>Peoria IL 61606 | Scott Smith<br>American Income Life Insurance Co.<br>5509 Belmont Road<br>Downers Grove, IL 60515 |
| **SOC. SEC. NO.**    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 | **TYPE OF APPEAL:** |
| **RDS DOCKET NO.** 1-48679 | Eligibility for Benefits- Insurance Agent |
| **REF IDENT. NO.**   511 | **ISSUE AND BENEFIT PERIOD:** |
| **OFFICE USE NO.**   412 | 03       9/16/2001 - 9/29/2001 |

### DECISION

This is an appeal by the employer from a Referee's decision dated December 5, 2001, which set aside the claims adjudicator's determination and held that the claimant was monetarily ineligible for benefits under Sections 228 and 500E of the Illinois Unemployment Insurance Act.

We have reviewed the record of the evidence in this matter, including the transcript of the testimony submitted at the hearing conducted by telephone on November 15, 2001, at which both parties appeared. The record adequately sets forth the evidence so that no further evidentiary proceedings are deemed necessary.

The record discloses that the claimant was employed from September, 1998 through June, 2001 as an insurance agent. The claimant was at times paid an advance against future commissions that she was expected to earn. The claimant's pay arrangement was based solely on the basis of commission. The more insurance policies she sold, the more she was paid. She was not guaranteed a certain minimum salary and, in fact, in certain pay periods, when she did not sell any policies, she received no commissions or wages. In addition, she would be docked money when she had been paid a commission which was subsequently canceled by the purchaser.

EXHIBIT 2

The issue presented by this appeal is whether the claimant the claimant was in insurance agent compensated solely by commission under Section 228 of the Act, which provides that the term "employment" shall not include services performed by an individual as an insurance agent or insurance solicitor, if all such services performed by such individual are performed for remuneration solely by way of commission.

Section 500E of the Act, in pertinent part, provides that an unemployed individual shall be eligible to receive benefits with respect to any week only of the Director finds that he has been paid during his base period wages for insured work equal to not less than $1,600, provided that he has been paid wages for insured work equal to at least $440 during that part of his base period which does not include the calendar quarter in which the wages paid to him were highest.

While the claimant at times received an advance, her remuneration for work was solely based on commissions. Accordingly, we conclude that the claimant did not have base period wages from her work for the named employer.

The decision of the Referee is REVERSED.

