UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BARBARA J. KENDELL, )
)
    Plaintiff, )
)
vs. ) Case No. 04-1140
)
AMERICAN INCOME LIFE OF )
CHICAGO and AMERICAN INCOME )
LIFE INSURANCE CO., )
)
    Defendants. )

**DEFENDANT AMERICAN INCOME LIFE INSURANCE CO.'S REPLY**

Defendant American Income Life Insurance Co. ("Defendant"), by its undersigned attorneys, and pursuant to Federal Rules of Civil Procedure 56 and CDIL-LR 7.1(D)(3), submits the following Reply to Plaintiff's Response to Defendant's Motion for Partial Summary Judgment:

    I.    **REPLY TO ADDITIONAL MATERIAL FACTS.**

Plaintiff's Response fails to comply with CDIL-LR 7.1(D)(2). Plaintiff's fact section, titled "Undisputed Material Facts," does not contain facts from Defendant's Motion for Partial Summary Judgment that are conceded to be undisputed and material, as required by local rule.[1] Based upon Plaintiff's failure to comply, all facts not disputed should be deemed admitted.

Plaintiff's alleged facts appear to be what Plaintiff considers "Additional Material Facts," even though not designated as such. And, the majority, if not all, of the facts alleged are _not_ undisputed. This Defendant does not admit or concede to Plaintiff's alleged facts unless otherwise stated.

---

[1] *CDIL-LR 7.1(D)(2)(b)(1).*

For purposes of this Reply and to assist the Court, Defendant will treat Plaintiff's alleged facts as though they were designated as "Additional Material Facts" (even though Defendant disputes that these alleged facts are "material").

### A. Facts that are conceded to be material and undisputed.

Defendant concedes to be material and undisputed the allegations that: (1) Plaintiff read the non-compete clause in her contract(s); (2) Plaintiff signed the contract(s); (3) Plaintiff's contract was terminated; (4) After Plaintiff's contract was terminated, she contacted Defendant's insureds; and (5) Defendant's insureds replaced their AIL policies for policies with Plaintiff.[2]

### B. Facts that are material but disputed.

Defendant admits, to the extent that Plaintiff's inducement of Defendant's insureds to replace their policies for policies with Plaintiff, is material to Defendant's Counterclaim, but disputes Plaintiff's allegation that she did not "induce anyone to terminate his or her contracts with [Defendant]." Plaintiff admits in her Responses to Defendant's First Requests to Admit that she "attempted to replace" several of Defendant's insureds' policies with policies from Federal Life.[3] Although Plaintiff now disputes that she "induced" Defendant's insureds to breach their contract with Defendant, Plaintiff does not dispute that she induced these individuals to purchase replacement policies from Federal Life, which ultimately led to the breach of Defendant's contract.

### C. Facts that are immaterial.

The remainder of Plaintiff's alleged facts are immaterial to whether the non-compete clause is enforceable and whether she breached her Agent Contract. They not

---

[2] *CDIL-LR 7.1(D)(3)(a)(1).*
[3] *Ex. C, pp. 11-16, Nos. 55-80, attached to Motion for Partial Summary Judgment (Doc. 64).*

only are irrelevant, they are self-serving and are unsupported by citations to evidence,[4] as required by local rule. Further, several of these alleged facts are not factual and constitute legal conclusions.

## II.   ARGUMENT

### A.   Plaintiff failed to answer or otherwise respond to Defendant's Counterclaim, therefore, all facts have been admitted and all affirmative defenses have been waived.

Plaintiff's alleged facts, legal arguments and defenses, asserted in her Response, have been waived and should be deemed immaterial for purposes of summary judgment. Plaintiff failed to answer or otherwise respond to Defendant's Counterclaim, therefore, facts stated in Defendant's Counterclaim are uncontested and should be deemed admitted. Further, Plaintiff presented no affirmative defenses to Defendant's Counterclaim, therefore, any affirmative defenses, such as unenforceability of the non-compete clause, have been waived.[5]

### B.   Alternatively, Plaintiff does not present any evidence to dispute that she breached her contract with this Defendant.

Plaintiff's Response does not present any evidence to oppose Defendant's arguments that: (1) she entered into a contract, containing a non-compete clause, with this Defendant; (2) she understood the terms of the non-compete clause; (3) Plaintiff's contract was terminated; (4) Plaintiff solicited Defendant's insureds in violation of the non-compete clause; and (5) several of Defendant's insureds replaced their AIL policies

---

[4] All facts not properly supported by the record evidence must be disregarded. *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir.1997). Evidence submitted at the summary judgment stage must be admissible at trial under the Federal Rules of Evidence. *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir.2000).
[5] F.R.C.P. 8(c); *Carroll v. Acme-Cleveland Corp.*, 955 F.2d 1107, 1115 (7th Cir. 1992) (failure to plead an affirmative defense results in waiver).

for policies with Plaintiff. Based upon the foregoing uncontested facts, there is no dispute that Plaintiff breached her contract with this Defendant.

    **C.    Plaintiff presented insufficient evidence to show that the non-compete clause, contained in her contract, is unenforceable, therefore, summary judgment is proper.**

In addition to the fact that Plaintiff failed to answer or otherwise respond to Defendant's Counterclaim and failed to assert any legal defenses, the facts and legal arguments alleged in Plaintiff's Response are insufficient to survive summary judgment.

Plaintiff argues that the non-compete clause: (1) lacks geographical and temporal limitations; and (2) interferes with her right to sell insurance.

"The lack of a geographical restriction does not automatically invalidate a postemployment restraint where the geographical prohibition is qualified by an activity restraint."[6] "In other words, a broad geographic restraint (*i.e.,* an unlimited geographic area) may be considered reasonable if the scope of the activity restriction is narrowly defined."[7]

Here, Plaintiff does not dispute that Defendant sells insurance in 49 states. Due to its large geographical sales area and the fact that the activity restricted is narrowly defined, the lack of a geographical limitation is not unreasonable under the circumstances.

Regarding the lack of a temporal limitation, this Court may blue-line this portion of the clause to render it reasonable and enforceable.[8] Plaintiff's own alleged conduct of

---

[6] *Joy v. Hay Group, Inc.*, No. 02 C 4989, 2003 WL 22118930 at *10 (September 11, 2003, N.D. Ill. 2003) (citations omitted).
[7] *Id.*
[8] *Ram Products Co., Inc. v. Chauncey*, 967 F. Supp. 1071, 1091 and FN10 (N.D. Ind. 1997) (If a non-competition covenant is found unreasonable the court may "blue-line" the agreement to render it reasonable. "Blue-lining" is the practice of modifying an unreasonable contract so that it becomes reasonable and enforceable.)

4

waiting one year before soliciting Defendant's insureds, moreover, demonstrates that a temporal limitation (of even two to three years) would not be unreasonable and would not impact her ability to pursue her chosen career.

Contrary to Plaintiff's contention, this non-compete is very narrow and does not prevent Plaintiff from selling insurance or interfere with her right to earn a living at her job training level. By its terms, it merely prevents Plaintiff from soliciting Defendant's insureds and Plaintiff presents no evidence to the contrary.

In addition, Plaintiff does not dispute Defendant's facts to show that it spent a substantial amount of time and money to establish its client lists and to obtain and maintain its clients. Further, Plaintiff does not dispute Defendant's specific facts that but for her relationship with Defendant, she would not have had access to contact information for the named individuals identified in Defendant's Counterclaim and, therefore, would not have had the ability to solicit and sell replacement policies to them.

As such, Plaintiff fails to present sufficient evidence to show that this non-compete should not be enforced against her. Summary judgment, therefore, should be granted.

### D. Plaintiff has presented insufficient evidence to defeat summary judgment on Defendant's tortious interference claim.

Plaintiff's Response fails to present any facts or arguments to dispute that, after her contract was terminated, she sold replacement policies to at least four of Defendant's insureds, despite knowledge of existing contracts with Defendant. She also does not dispute that she attempted to sell replacement policies to four other of Defendant's insureds, despite knowledge of existing contracts with Defendant.

Notwithstanding knowledge of Defendant's contractual relationships, Plaintiff as an agent for Federal Life, induced these insureds to purchase replacement policies with Federal Life. Notably, Plaintiff only denies that she "induced anyone to terminate his or her contracts with [Defendant]," she does not dispute or deny that she intentionally and without just cause induced these individuals to purchase replacement policies from Federal Life, which in turn directly resulted in the breach of Defendant's policies.

Based upon Plaintiff's undisputed intentional conduct, the undisputed evidence shows that at least four of Defendant's insureds breached their contracts with this Defendant, entitling Defendant to summary judgment with respect to its tortious interference counterclaim.

WHEREFORE, Defendant American Income Life Insurance Co. respectfully requests this Court to enter an Order granting summary judgment in its favor and against Plaintiff, together with such other relief this Court deems just and reasonable under the circumstances.

DATED: October 10, 2005.                          Respectfully submitted,

*/s/ Cassandra J. Hansell*
Cassandra J. Hansell, #06271228
BURROUGHS, HEPLER, BROOM
MacDONALD, HEBRANK &
TRUE, LLP
Two Mark Twain Plaza, Suite 300
Edwardsville, Illinois 62025-0510
Phone: (618) 656-0184
Fax: (618) 656-1364
Email: cjh@ilmolaw.com

*Attorneys for American Income Life Insurance Co.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent to the following counsel/parties of record via First Class U.S. Mail, postage prepaid, this 10th day of October, 2005:

Barbara J. Kendell
504 W. High St.
Peoria, IL  61606

/s/ *Cassandra J. Hansell*