UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

```
BARBARA J. KENDELL,              )
                                 )
         Plaintiff,              )
                                 )
   v.                            )    Case No. 04-1140
                                 )
AMERICAN INCOME LIFE OF          )
CHICAGO and AMERICAN INCOME      )
LIFE INS. CO.,                   )
                                 )
         Defendants.             )
```

## O R D E R

Before the Court are Defendant American Income Life Insurance Company's Summary Judgment Motions [Docs. ## 63, 64]. Plaintiff has responded and Defendant has replied. For the reasons that follow, the Court will grant summary judgment in favor of AIL as to Plaintiff's claims, but the Court will not grant summary judgment as to AIL's counterclaims.

### BACKGROUND

The following facts are undisputed. Defendant American Income Life Insurance Company ("AIL") markets supplemental health and life insurance products to members of labor and credit unions and associations. (Def. AIL's Motion for Summary Judgment, Doc. # 63 at Ex. 1 ¶¶ 4-5.) Defendant American Income Life of Chicago ("the Smith Agency") is independently owned and operated by Scott A. Smith ("Smith"), a "State General Agent" for AIL. (Id. at Ex. 1 ¶ 7.) Terrace M. Brennan ("Brennan") managed the Smith Agency's Peoria, Illinois Office and he was also an independent insurance agent for AIL. (Id. at Ex. 2 ¶¶ 7-8.) Brennan hired Plaintiff as an insurance agent for the Smith Agency in September 1998. (Id. at

Ex. 2 ¶¶ 9-10.) Thereafter, Plaintiff became an independent insurance agent for AIL through the Smith Agency. (<u>Id.</u> at Ex. 1 ¶ 6.) Plaintiff was paid on a commission basis. (<u>Id.</u> at Ex. 1 at ¶ 17.)

> Plaintiff's contract with AIL provided:
>
> The Agent is not an employee of [AIL]. The Agent has no fixed hours and is free to choose the time and manner in which services are performed. The Agent shall not represent or imply that the Agent is an employee or officer of [AIL], or a person having general authority to transact business for [AIL]. The Agent will not be treated as an employee with respect to services performed under this contract for federal and state tax purposes.

(<u>Id.</u> at Ex. 5.) In January 2000, Plaintiff became a supervisory agent for AIL. Plaintiff's supervisory agent contract with AIL provided:

> Supervising Agent shall be responsible for all expenses incurred in the production of insurance for the Company. Supervising Agent shall at his own expense furnish his own means of transportation, office or place of business, advertisements, form letters, letterheads, circulars, and any other relevant expenses incurred in the solicitation of insurance for [AIL].

(<u>Id.</u> Ex. 1 at ¶¶ 21-23, Ex. 5.) The Smith Agency supplied Plaintiff with office equipment and supplies. Plaintiff asserts that "AIL paid for all of this according to [Brennan], including rent on the office." During her deposition, however, Plaintiff testified that she did not know who was paying for any of these things. (<u>Id.</u> Ex. 3 at 203-205, 220-221.) Further, AIL disputes that it paid for any of these items.

AIL's contract with Plaintiff contained the following non-compete language:

> After termination the Agent will never use policyholder records, union or credit union membership records, or

> other business records concerning the business of the Company, including, but not limited to, lead return cards, policyholder lists, computer disks or other storage media, no matter how or when obtained, and whether prepared by the Company, the Agency, the Agent, or any other person, for the purpose of soliciting the sale or replacement of insurance by the Agent or by others.  All such records will be returned to the Company, without retaining copies.
>
> After termination the Agent will never, directly or indirectly, attempt to induce policyholders with the Company to terminate their policies or in any other way to injure the business or reputation of the Company.

(Id. at Ex. 5.)

Brennan told Plaintiff she was fired on May 31, 2001.  AIL sent a letter to Plaintiff on July 31, 2001 confirming that her contract with them had been terminated.  (Id. at Ex. 2.)  On June 1, 2004, Plaintiff filed a Complaint alleging Defendants discharged her, demoted her, and denied her promotion, based on her sex, her age, and her disability.  Defendant AIL has brought counterclaims against Plaintiff alleging that she violated the non-compete portions of her agency contract and that she tortiously interfered with its contracts by soliciting AIL customers.

## LEGAL STANDARD

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue.  Celotex Corp. v. Catrett, 477 U.S. 317, 323

(1986).  The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.  Any doubt as to the existence of a genuine issue for trial is resolved against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets it burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex, 477 U.S. at 324.  Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]."  Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989).  Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

**ANALYSIS**

Defendant AIL moves for summary judgment on Plaintiff's claims against it, and also moves for summary judgment as to liability on its counterclaims against Plaintiff.  The Court will address each motion in turn.

**A.    Motion for Summary Judgment as to Plaintiff's Claims**

AIL argues it is entitled to summary judgment on Plaintiff's claims because (1) Plaintiff has not claimed that her agent contract with AIL was terminated on the basis of gender, age, or disability; (2) AIL was not Plaintiff's employer; (3) Plaintiff waived her claims against AIL when she did not name AIL as a respondent in her EEOC charge; and (4) Plaintiff did not file an EEOC charge against AIL within 300 days of the alleged unlawful employment practice.  Because the Court finds there is no material issue of disputed fact as to whether or not Plaintiff was an employee of AIL, the Court well grant summary judgment in favor of AIL as to all of Plaintiff's claims.

Independent contractors are not protected under Title VII, the Age Discrimination and Employment Act (ADEA), or the Americans with Disabilities Act (ADA).  See Aberman v. Abouchar & Sons, Inc., 160 F.3d 1148, 1150 (7th Cir. 1998) (ADA); EEOC v. North Knox School Corporation, 154 F.3d 744, 746 (7th Cir. 1998) (ADEA); Knight v. United Farm Bureau Mutual Insurance Co., 950 F.2d 377, 380 (7th Cir. 1991) (Title VII).  In determining whether an individual is an employee or an independent contractor the Court must examine five factors: (1) the amount of control or supervision that the defendant exerted over the plaintiff; (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace; (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations; (4) the method and form of payment and benefits; and (5) the length of job commitment and/or expectations.

See Aberman, 160 F.3d at 1150. "The ultimate question of whether an individual is an employee or an independent contractor is a legal conclusion which involves an application of the law to the facts." EEOC v. North Knox School Corp., 154 F.3d 744, 747 (7th Cir. 1998) (internal quotation omitted).

Considering all five factors, the Court finds that the undisputed facts show Plaintiff's relationship with AIL was that of an independent contractor and not of an employee.[1] While Smith Agency may have imposed some control over Plaintiff's work schedule, there is nothing in the record to suggest AIL did so. Moreover, the Smith Agency was independently owned and not controlled by AIL; and Plaintiff's assertion that AIL provided office space and supplies to the Smith Agency is unsupported. Finally, Plaintiff's assertion that the state unemployment agency found her to be an AIL employee is inaccurate. The agency found Plaintiff was entitled to benefits from the Smith Agency, not AIL. Accordingly, the Court finds AIL is entitled to summary judgment as to all of Plaintiff's claims.

**B.   Motion for Summary Judgment as to AIL Counterclaims**

In this motion, AIL argues it is entitled to summary judgment on its counterclaims for breach of contract and tortious interference with contract. Because the Court finds that a reasonable jury could find in favor of Plaintiff as to AIL's counterclaims, it will deny this motion.

---

[1]Defendant Smith Agency has not moved for summary judgment. Consequently, nothing in this Order should be construed as being determinative of Plaintiff's employment status with regard to the Smith Agency as that issue is not presently before the Court.

First, the Court finds that the covenant not compete at issue in this case is not enforceable because it admittedly has no temporal or geographic limitation. Although AIL argues that the covenant is reasonable under the circumstances in this case, it has cited no case law to support this proposition. Moreover, Illinois courts have repeatedly stated non-compete clauses without temporal and geographical boundaries are unenforceable. See <u>House of Vision v. Hiyane</u>, 225 N.E.2d 21, 24-25 (Ill. 1967) ("To stake out unrealistic boundaries in time and space . . . is to impose upon an employee the risk of proceeding at his peril, or the burden of expensive litigation to ascertain the scope of his obligation.); <u>Prudential Ins. Co. v. Sempetrean</u>, 525 N.E.2d 1016, 1020 (Ill. App. 1988) (where original covenant not to compete does not provide time limitation or geographic boundary in which activity sought to be prohibited should not take place, restriction is too vague and ambiguous to be enforced and court should not rewrite it); <u>Akhter v. Shah</u>, 456 N.E.2d 232, 235 (Ill App. 1983) (where covenant not to compete in employment contract provided neither a time limitation nor clearly identified geographical boundary, the restriction, which was too vague and ambiguous, would not be rewritten by the court).

Next, the Court finds that AIL has failed to demonstrate that Plaintiff's/Counterdefendant's interference with its contractual relations was "unjustified." To succeed on its tortious inference with contract claim, AIL must show: (1) the existence of a valid and enforceable contract between AIL and another; (2) Plaintiff's/Counterdefendant's awareness of this contractual

7

relation; (3) Plaintiff's/Counterdefendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by Plaintiff's/Counterdefendant's wrongful conduct; and (5) damages. See Prudential Insurance Co. v. Van Matre, 511 N.E.2d 740, 744 (Ill. App. 1987). "One type of justification for interference with contractual relations which has been recognized in Illinois is lawful competition." Id. Considering the Court has found the covenant not to compete is unenforceable in this case, AIL has not presented any facts to show that Plaintiff's/Counterdefendant's actions were anything other than permissible competition. Accordingly, the Court will deny AIL's summary judgment motion as to its counterclaims.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant American Income Life Insurance Company's Summary Judgment Motion (as to Plaintiff's claims) [Doc. # 63] is GRANTED.

IT IS FURTHER ORDERED that Defendant American Income Life Insurance Company's Summary Judgment Motion (as to its counterclaims) [Doc. # 64] is DENIED.

IT IS FURTHER ORDERED that this case is set for a status telephone conference on Thursday, March 9 at 11:00am for further scheduling. (Court to call.)

ENTERED this   15th   day of February, 2006.

                                         s/ Joe B. McDade
                                         JOE BILLY McDADE
                             United States District Judge