UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Barbara J. Kendall, )
          Plaintiff )
)
)   Case No. 04-1140
)
American Income Life of Chicago, and )
American Income Life Ins. Co., )
          Defendants )

**REPORT AND RECOMMENDATION**

This is a dispute brought under Title VII, the ADA, the ADEA. Plaintiff's complaint alleged an employment relationship between herself and the Defendants.

The record in this case indicates that summons was issued for American Income Life Insurance Company in Waco, Texas, and was served on an employee of the Company in Waco.

The original summons issued for American Income Life of Chicago was to Scott Smith[1] at American Income Life of Chicago in Woodridge, Illinois, although Plaintiff's place of employment was the Labor Temple in Peoria, Illinois. The original summons was returned unexecuted; according to the return, a person at that address refused to accept service and told the process server that Scott Smith no longer owned the company and that Robert Olson did.

---

[1]According to Smith's affidavit, filed in support of American Income Life Insurance Company's motion for summary judgment, American Income Life of Chicago is a sole proprietorship independently owned and operated by Smith in Peoria, Illinois. Smith was not an employee of American Income Life Insurance Company; he was an independent insurance agent who sold insurance policies offered by that company.

An alias summons was then issued to American Income Life of Chicago. No individual's name appeared on the face of the summons. According to the return of service of summons, the summons was served on Robert Olson, Owner of American Income Life of Chicago. No appearance has ever been made on behalf of American Income Life of Chicago.

On February 15, 2006, summary judgment was entered against Plaintiff and in favor of defendant American Income Life Insurance Company. Among other bases, the Court found that Plaintiff was not an employee of that Defendant but rather was an independent agent. Thereafter, at a hearing on March 24, 2006, the Court found defendant American Income Life of Chicago to be in default, and the claim against that Defendant was referred to me for an evidentiary hearing.

Based on several comments that appeared in the record of this case, I was concerned about the legal status of the defaulted Defendant. Pursuant to information I received from the State of Illinois' Department of Insurance and Secretary of State, I determined the following: American Income Life of Chicago is not now and never has been a corporation, limited liability corporation, or limited partnership registered with the Illinois Secretary of State to do business in this state. Furthermore, American Income Life of Chicago has never been licensed by the State of Illinois as a business entity entitled to sell insurance. Finally, no fictitious name has been registered for American Income Life of Chicago.

It appears that Scott Smith chose that name to operate the insurance agency in Peoria where Plaintiff worked. That does not, however, make the agency a legal entity, and I conclude that American Income Life of Chicago is not a legal, suable entity. Plaintiff has

2

tendered some anecdotal evidence to show that Scott Smith did business under that name, but she has provided the court with nothing that contradicts the information received from the State regarding the legal status - or lack thereof - of this Defendant.

Under Illinois law, a suit brought against a legally non-existent party is void *ab initio*. Lewis v. West Side Trust & Savings Bank, 36 N.E.2d 573 (Ill.1941), cited in Theodorakakis v. Kogut, 551 N.E.2d 261 (Ill.App. 1990). Moreover, service on a person other than the proper defendant is not effective service, even if the proper defendant somehow learns of the litigation. State Bank v. Thill, 497 N.E.2d 1156 (Ill. 1986).

Accordingly, I conclude that there can be no claim against American Income Life of Chicago and that purported service on that entity was a nullity. I therefore recommend that the finding of default be vacated and that Plaintiff's claim against American Income Life of Chicago be dismissed. The Plaintiff is advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within ten (10) working days after service of this Report and Recommendation. Fed.R.Civ.P.72(b); 29 U.S.C.636 (b)(1). Failure to object will constitute a waiver of objections on appeal. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999); Video Views Inc. v. Studio 21, Ltd., 797 F.2d 538 (7th Cir. 1986).

ENTER this 31st day of May, 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE